IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRIAN WRENN, | ) | Case No. |
|     2887 Chancellors Way, N.E. | ) | |
|     Washington, DC 20007 | ) | **COMPLAINT** |
| | ) | |
| JOSHUA AKERY, | ) | |
|     1330 New Hampshire Ave., N.W,  #1011 | ) | |
|     Washington, DC 20036 | ) | |
| | ) | |
| TYLER WHIDBY, | ) | |
|     1201 Potomac Drive | ) | |
|     Merritt Island, FL 32952 | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| SECOND AMENDMENT FOUNDATION, INC. | ) | |
|     12500 N.E. 10th Place | ) | |
|     Bellevue, WA 98005 | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
|     Serve: Mayor Muriel Bowser | ) | |
|     c/o Office of Attorney General | ) | |
|     1 Judiciary Square | ) | |
|     441 4th Street, N.W., 6th Fl. South | ) | |
|     Washington, D.C. 20001 | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| CATHY LANIER, | ) | |
|     300 Indiana Avenue, N.W. | ) | |
|     Washington, DC 20004 | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

**COME NOW** the Plaintiffs, Brian Wrenn, Joshua Akery, Tyler Whidby, and Second Amendment Foundation, Inc., by and through undersigned counsel, and complain of the defendants:

THE PARTIES

1.      Plaintiff Brian Wrenn is a natural person and a citizen of the United States and of the District of Columbia.

2.      Plaintiff Joshua Akery is a natural person and a citizen of the United States and of the District of Columbia.

3.      Plaintiff Tyler Whidby is a natural person and a citizen of the United States and of Florida. He also lives and works for a portion of each year in Virginia.

4.      Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide, including Washington, D.C. The purposes of SAF include promoting the exercise of the right to keep and bear arms; and education, research, publishing and legal action focusing on the constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of its members. Plaintiffs Wrenn, Akery, and Whidby are SAF members.

5.      Defendant District of Columbia is a municipal entity organized under the Constitution and laws of the United States.

6.      Defendant Cathy Lanier is the Police Chief of the District of Columbia's Metropolitan Police Department. Defendant Lanier is responsible for executing and administering the District of Columbia's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs and practices against plaintiffs, and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs. Defendant Lanier is sued in both her individual and official capacities.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

8.      Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

### *The Regulatory Scheme*

9.      As modified by current emergency legislation, D.C. Act 20-0564, 62 D.C. Reg. 866, D.C. Code § 22-4504(a) provides, "No person shall carry within the District of Columbia either openly or concealed on or about their person, a pistol, without a license issued pursuant to District of Columbia law, or any deadly or dangerous weapon." The first violation of this section by a non-felon, carrying an unlicensed handgun outside the home, is punishable by a fine and imprisonment of up to five years.

10.     From 1932 until 2009, D.C. Code § 22-4506(a) purportedly authorized the District of Columbia's Police Chief to issue licenses to carry handguns. But "[i]t [was] common knowledge . . . that with very rare exceptions licenses to carry pistols have not been issued in the District of Columbia for many years and [were] virtually unobtainable." *Bsharah* v. *United*

*States*, 646 A.2d 993, 996 n.12 (D.C. 1994). The section was repealed, effective May 20, 2009.

See D.C. Act 17-690, 56 D.C. Reg. 1162, 1165 (Jan. 16, 2009).

11.     As revived by current emergency legislation, D.C. Code § 22-4506(a) provides:

The Chief of the Metropolitan Police Department ("Chief") may, upon the application of any person having a bona fide residence or place of business within the District of Columbia, or of a person having a bona fide residence or place of business within the United States and a license to carry a pistol concealed upon his or her person issued by the lawful authorities of any State or subdivision of the United States, issue a license to such person to carry a pistol concealed upon his or her person within the District of Columbia for not more than 2 years from the date of issue, if it appears that the applicant has good reason to fear injury to his or her person or property or has any other proper reason for carrying a pistol, and that he or she is a suitable person to be so licensed.

12.     The current form of D.C. Code § 22-4506(a) is essentially unchanged from its previous iteration. In reviving the provision, the City Council and Mayor intended to reinstate the same licensing standards previously reflected by the provision. See Press Release, *Mayor Gray, Chairman Mendelson and Councilmember Wells Propose Emergency Firearm Legislation*.

13.     Under current emergency legislation, a provision to be codified at D.C. Code § 7-2509.11 provides that the Police Chief "shall issue rules . . . including rules:

(1) To establish criteria for determining when an applicant has, pursuant to section 6 of the Pistols and Other Dangerous Weapons Act [D.C. Code § 22-4506]:

"(A) Demonstrated a good reason to fear injury to his or her person, which shall at a minimum require a showing of a special need for self-protection distinguishable from the general community as supported by evidence of specific threats or previous attacks that demonstrate a special danger to the applicant's life;

"(B) Demonstrated any other proper reason for carrying a concealed pistol, which shall at a minimum include types of employment that require the handling of cash or other valuable objects that may be transported upon the applicant's person;

14.     Permanent legislation containing the same provisions has passed the D.C. City Council and is expected to become law. At all times relevant to the acts and omissions referenced

4

in this complaint, substantially similar provisions were in force in the District of Columbia. See

D.C. Act 20-447, 61 D.C. Reg. 10765; D.C. Act 20-462, 61 D.C. Reg. 11814.

       15.    Defendant Lanier has adopted various regulations regarding the licensing of

individuals to carry handguns, including:

- "A person shall demonstrate a good reason to fear injury to his or her person by showing a special need for self-protection distinguishable from the general community as supported by evidence of specific threats or previous attacks which demonstrate a special danger to the applicant's life." 24 D.C.M.R. § 2333.1;

- "For the purposes of satisfying the specifications of § 2333.1, a person shall allege, in writing, serious threats of death or serious bodily harm, any attacks on his or her person, or any theft of property from his or her person. The person shall also allege that the threats are of a nature that the legal possession of a pistol is necessary as a reasonable precaution against the apprehended danger." 24 D.C.M.R. § 2333.2;

- "The person shall provide all evidence of contemporaneous reports to the police of such threats or attacks, and disclose whether or not the applicant has made a sworn complaint to the police or the courts of the District of Columbia concerning any threat or attack." 24 D.C.M.R. § 2333.3;

- "The fact that a person resides in or is employed in a high crime area shall not by itself establish a good reason to fear injury to person or property for the issuance of a concealed carry license." 24 D.C.M.R. § 2333.4; and

- "A person may allege any other proper reason that the Chief may accept for obtaining a concealed carry license which may include: (a) Employment of a type that requires the handling of large amounts of cash or other highly valuable objects that must be transported upon the applicant's person; or (b) The need for a parent, son, daughter, sibling, or other adult member of the immediate family to provide protection of a family member who is physically or mentally incapacitated to a point where he or she cannot act in defense of himself or herself, and the family member who is physically or mentally incapacitated can demonstrate a good reason to fear injury to his or her person by showing a special need for self-protection distinguishable from the general community as supported by evidence of specific threats or previous attacks which demonstrate a special danger to the applicant's life in the manner described in § 2333." 24 D.C.M.R. § 2334.1.

16.     Defendants promulgate a "Concealed Carry Pistol License Application" form,

required of all individuals seeking to apply for a concealed carry license under D.C. Code § 22-

4506(a). The third page of that form begins as follows:

**Basis for a Request for a Concealed Carry Pistol**

Under District law, an applicant must demonstrate that either they [sic] have good reason
to fear injury to himself or herself or property or they [sic] have another proper reason for
carrying a concealed pistol.

*Please check the box below that is the basis of your application and attach the
additional documentation as described on the Instructions form.*

**[ ] Good reason to fear injury to person or property**: You fear injury to yourself and
can show a special need for self-protection, such as evidence of specific threats or
previous attacks which demonstrate a special danger to your life.

**[ ] Other proper reason to carry a concealed pistol**: Your employment requires that
you handle large amounts of cash or valuables that you must transport on your person. Or
you are the adult member of a family that needs to provide protection for a family
member who is physically or mentally incapacitated to a point where he or she cannot act
in defense of himself or herself or his or her property.

17.     An attachment to Defendants' "Concealed Carry Pistol License Application" form

entitled "Basis for Request for a Concealed Carry Pistol" license instructs: "District of Columbia

law requires you to demonstrate that: (1) you have good reason to fear injury to yourself or your

property; or (2) you have another proper reason for carrying a concealed pistol."

18.     Accordingly, the "Basis for Request" form requests a personal statement as to the

applicant's "Good Reason" or "Other Proper Reason" for seeking a license. With respect to a

"Good reason," the form provides:

**Demonstration of Good Reason to Fear Injury to Person or Property**

To demonstrate a good reason to fear injury to yourself, you must:

- Show a special need for self-protection distinguishable from the general community, as supported by evidence of specific threats or previous attacks which demonstrate a special danger to your life.

- Allege serious threats of death or serious bodily harm, any attacks on yourself, or any theft of property from your person.

- Allege that the threats are of a nature that the legal possession of a pistol is necessary as a reasonable precaution against the apprehended danger.

- Provide all evidence of contemporaneous reports to the police of such threats or attacks, and disclose whether or not you made a sworn complaint to the police or the courts of the District of Columbia concerning any threat or attack.

   **Pursuant to District of Columbia law, the fact that you live or work in a high crime area shall not by itself establish a good reason to fear injury to yourself or your property for the issuance of a concealed carry license.**

19.   With respect to "Other Proper Reason," the "Basis for Request" form provides:

**Demonstration of Other Proper Reason for a Concealed Carry License**

This may include: (1) employment of a type that requires the handling of large amounts of cash or other highly valuable objects that must be transported on your person; or (2) the need for you to provide protection of a family member who is physically or mentally incapacitated to a point where that family member cannot act in defense of himself or herself, or his or her property. You can include any documents (such as police reports or court documents) and/or personal statements to demonstrate that you have a proper reason to be issued a Concealed Carry License.

20.   Defendants' "Instructions for Submitting an Application for a Concealed Carry Pistol License" provide:

   In the **Basis for Request for a Concealed Carry Pistol** section of the application, you must demonstrate that either you have a good reason to fear injury to yourself or your property, or you have another proper reason for carrying a concealed pistol. You must submit a personal statement and any evidence or documentation that supports the basis for your request. If you include any statements from a third party, the statements must be made under oath and before a notary.

21.   An applicant must affirm the application and its supporting statements under oath.

22.     Defendant Lanier will not issue a concealed handgun carry permit to any applicant who lacks either "Good Reason" or an "Other Proper Reason" for seeking the permit.

23.     Ordinary citizens who are otherwise fully qualified to obtain concealed handgun carry permits from Defendant Lanier cannot obtain such permits if they fail to disclose on their application either a "Good Reason" or an "Other Proper Reason" for seeking the permit.

*The Regulatory Scheme's Application Against Plaintiffs*

24.     Plaintiffs Brian Wrenn and Joshua Akery each possess validly registered handguns within the District of Columbia, as do other members of Plaintiff SAF. Akery is licensed by Pennsylvania and Utah to carry a concealed handgun for self-defense. Whidby possesses handguns that are registerable in the District of Columbia for carriage by non-residents, and holds a Florida license to carry a concealed handgun for self-defense. Other SAF members, including Washington, D.C. residents, hold handgun carry licenses from jurisdictions throughout the United States.

25.     Wrenn, Akery, and Whidby, and other members of Plaintiff SAF would each carry a functional handgun in public in the District of Columbia for self-defense, but refrain from doing so for fear of arrest, prosecution, fine, and imprisonment on account of their inability to obtain a concealed handgun carry permit for lack of "Good Reason" or "Other Proper Reason."

26.     Wrenn, Akery, and Whidby each applied to Defendant Lanier for a license to carry a handgun because each wishes to lawfully carry a handgun in the District of Columbia for self-defense. Apart from the "Good Reason" or "Other Proper Reason" requirement, Wrenn, Akery and Whidby would each be able to qualify for a Washington, D.C. license to carry a handgun.

27.     Wrenn, Akery, Whidby, and other SAF members who would otherwise be qualified to carry handguns in Washington, D.C., cannot "show a special need for self-protection, such as evidence of specific threats or previous attacks which demonstrate a special danger to [their lives]." They cannot "[a]llege serious threats of death or serious bodily harm, any attacks on [themselves], or any theft of property from [their] person[s]." They cannot "[a]llege that the threats are of a nature that the legal possession of a pistol is necessary as a reasonable precaution against the apprehended danger," and have made no police or court reports in Washington, D.C. relating to such threats.

28.     Wrenn, Akery and other SAF members who would otherwise be qualified to carry handguns in Washington, D.C., do not have employment that "requires that [they] handle large amounts of cash or valuables that [they] must transport on [their] person[s]," and they are not required to provide protection for any "family member who is physically or mentally incapacitated to a point where that family member cannot act in defense of himself or herself or his or her property."

29.     Accordingly, neither Wrenn nor Akery attempted to demonstrate a "Good Reason" or "Other Proper Reason" for obtaining a handgun carry permit in applying to Defendant Lanier.

30.     On January 27, 2015, Defendant Lanier denied Wrenn's application for a license to carry a handgun on grounds that Wrenn did not

> Demonstrate a good reason to fear injury to person or property, or other proper reason for a concealed carry license. Specifically, the applicant did not meet the minimum requirement of showing: "a special need for self-protection distinguishable from the general community as supported by evidence of specific threats or previous attacks that

demonstrate a special danger to the applicant's life," (D.C. Official Code § 7-2509.11(1)(A)) and therefore did not receive further consideration.

31.     On January 27, 2015, Defendant Lanier denied Akery's application for a license to

carry a handgun on grounds that Akery did not

> Demonstrate a good reason to fear injury to person or property, or other proper reason for a concealed carry license. Specifically, the applicant did not meet the minimum requirement of showing: "a special need for self-protection distinguishable from the general community as supported by evidence of specific threats or previous attacks that demonstrate a special danger to the applicant's life," (D.C. Official Code § 7-2509.11(1)(A)) and therefore did not receive further consideration.

32.     Whidby is a federal firearms licensee, doing business in Leesburg, Virginia.

Whidby applied to Defendant Lanier for a license to carry a handgun because he wishes to

lawfully carry a handgun in the District of Columbia for self-defense and the defense of his

family, including young children, who are not physically able to defend themselves on account of

their age. At the time Whidby applied, 24 D.C.M.R. § 2334.1 did not require that the family

member to be protected demonstrate a special need under § 2333. Whidby also at times lawfully

transports firearms through the District of Columbia in connection with his business. Whidby

included those reasons as the "Good Reason" and "Other Proper Reason" for seeking a handgun

carry license.

33.     On January 23, 2015, Defendant Lanier denied Whidby's application for a license

to carry a handgun on grounds that Whidby did not

> Demonstrate a good reason to fear injury to person or property, or other proper reason for a concealed carry license. Specifically, the applicant did not meet the minimum requirement of showing: "Employment of a type that requires the handling of large amounts of cash or other highly valuable objects that must be transported upon the applicant's person." (D.C. Official Code § 7-2509.11(1)(A).  The applicant also wrote that he has two family members that are physically or mentally incapacitated, the applicant did not demonstrate that the referenced family member(s) had a "special need

for self-protection distinguishable from the general community as supported by evidence of specific threats or previous attacks that demonstrate a special danger to the applicant's life (D.C. Official Code § 7-2509.11(1)(A))  and therefore did not receive further consideration.

34.     It is futile for other SAF members lacking a "Good Reason" or "Other Proper Reason" as described on Defendants' application forms to apply to Defendant Lanier for a license to carry a handgun.

35.     Other SAF members lacking a "Good Reason" or "Other Proper Reason" as described on Defendants' application forms refrain from applying to Defendant Lanier for a license to carry a handgun because doing so would be futile.

COUNT ONE
U.S. CONST., AMEND. II, 42 U.S.C. § 1983
AGAINST ALL DEFENDANTS

36.     Paragraphs 1 through 35 are incorporated as though fully stated herein.

37.     The Second Amendment right to bear arms includes the right to carry functional, loaded handguns in public areas for the purpose of self-defense. This right, like others, is subject to some degree of regulation, but its status as a right precludes the government from regulating it out of existence or forcing individuals to prove their entitlement to its exercise.

38.     Individuals cannot be required to prove a "good reason" or "other proper reason" for the exercise of fundamental constitutional rights, including the right to keep and bear arms. The right to bear arms is enjoyed by the general community of law-abiding, responsible adults, who are presumptively entitled—as the concept of a "right" is understood in the United States of America—to carry handguns for the purpose of self-defense without needing to prove any special reason for doing so, such as "a special need for self-protection distinguishable from the general

11

community as supported by evidence of specific threats or previous attacks that demonstrate a

special danger to [one's] life."

39.     Nor is the constitutional interest in carrying handguns for self-defense limited to

individuals holding "employment of a type that requires the handling of large amounts of cash or

other valuable objects that may be transported upon [their] person." The core Second

Amendment self-defense interest is primarily an interest defending life, not cash or valuables.

40.     D.C. Code § 22-4506(a)'s grant of discretion to refuse the issuance of licenses to

carry handguns ("may issue"); its requirement that handgun carry license applicants have a "good

reason to fear injury to his or her person or property or has any other proper reason for carrying a

pistol;" the requirements of  D.C. Code § 7-2509.11 that the Police Chief issue rules to establish

the criteria for "good reason" and "other proper reason" for carrying a handgun, including the

minimum requirements set forth therein; and 24 D.C.M.R. §§ 2333.1, 2333.2, 2333.3, 2333.4

and 2334.1, each violate the Second Amendment to the United States Constitution and are

invalid and unlawful (1) on their face; and (2) as applied to the individual plaintiffs and other

law-abiding, responsible members of SAF who otherwise would qualify for a Washington, D.C.

license to carry a handgun, damaging Plaintiffs in violation of 42 U.S.C. § 1983. Plaintiffs are

therefore entitled to declaratory and injunctive relief against the enforcement of these provisions.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against

Defendants as follows:

1.     An order permanently enjoining defendants, their officers, agents, servants,

employees, and all persons in active concert or participation with them who receive actual notice

of the injunction, from denying handgun carry licenses to applicants who meet the requirements of D.C. Code § 22-4506(a) and all other current requirements for the possession and carrying of handguns under District of Columbia law;

2.     An order permanently enjoining defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the requirement of D.C. Code § 22-4506(a) that handgun carry license applicants have a "good reason to fear injury to his or her person or property or has any other proper reason for carrying a pistol," including, but not limited to, the manner in which that requirement is defined by D.C. Code § 7-2509.11 and 24 D.C.M.R. §§ 2333.1, 2333.2, 2333.3, 2333.4 and 2334.1, against Brian Wrenn, Joshua Akery, Tyler Whidby, and other SAF members;

3.     An order permanently enjoining defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the requirement of D.C. Code § 22-4506(a) that handgun carry license applicants have a "good reason to fear injury to his or her person or property or has any other proper reason for carrying a pistol," including, but not limited to, the manner in which that requirement is defined by D.C. Code § 7-2509.11 and 24 D.C.M.R. §§ 2333.1, 2333.2, 2333.3, 2333.4 and 2334.1, against all applicants;

4.     Declaratory relief consistent with the injunction;

5.     Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988; and

6.     Any other further relief as the Court deems just and appropriate.

Dated: February 3, 2015                    Respectfully submitted,

                                           Alan Gura (D.C. Bar No. 453449)
                                           Gura & Possessky, PLLC
                                           105 Oronoco Street, Suite 305
                                           Alexandria, VA 22314
                                           703.835.9085/Fax 703.997.7665


                                    By:    /s/ Alan Gura_____
                                           Alan Gura

                                           Attorney for Plaintiffs