IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN WRENN, et al., ) | Case No. 15-CV-162-FJS |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

MOTION TO HOLD DEFENDANTS IN CONTEMPT

COME NOW the Plaintiffs, Brian Wrenn, Joshua Akery, Tyler Whidby, and the Second Amendment Foundation, Inc., by and through undersigned counsel, and move for an order holding Defendants in contempt of this Court's May 18, 2015 preliminary injunction.

In support of said motion, Plaintiffs relate the following:

1. On May 18, 2015, this Court entered an unambiguous order commanding the Defendants to stop enforcing the District's "good reason"/"proper reason" requirement for obtaining a handgun carry permit. It was plainly understood that this requirement was the *only* impediment to the issuance of such permits to individuals who were otherwise qualified to carry a handgun under District law. That understanding is inherent in the Court's finding that enforcement of the "good reason"/"proper reason" requirement "continues to violate their Second Amendment right to bear arms for the purpose of self-defense every day that the District of Columbia continues to enforce it." Order, Dkt. 13, at 19.

2. Moreover, this Court specifically

> **ORDER[ED]** that Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, are enjoined from denying handgun carry licenses to applicants who meet the requirements of D.C. Code 22- 4506(a) and all other current requirements for the possession and carrying of handguns under District of Columbia law;

Dkt. 13, at 23.

3.  The following day, Plaintiffs submitted the required $1,000 security deposit to the Court, receipt number 4616070156.

4.  Following the Court's order, Defendants represented via counsel that the Plaintiffs' applications would be re-processed without the "good reason"/"proper reason" requirement. It was understood that licenses would not necessarily issue immediately to the extent that there were any outstanding training requirements, but at least, the preliminary approval for the licenses would be issued forthwith. Defendants' counsel suggested Plaintiffs might be nearer the start of the 90-day application review process, but Plaintiffs disagreed—they had already waited well-over 90 days, and there was nothing left to review.

5.  At no time during several conversations through May 21 did Defendants suggest that they would do nothing pending further review of the Court's order, nor did Defendants suggest that the order was in any way ambiguous, or that they would file a motion seeking clarification of the order. Defendants also met and conferred regarding a requested stay of the Court's order, to which Plaintiffs did not agree. Plaintiffs repeatedly urged the Defendants to file a notice of appeal if they wish to seek a stay of the Court's order. Defendants stated that they would seek a stay, but did not state when they would do so, and would not commit to any date by which to notice an appeal.

6.  Unwilling to start the appellate and stay proceedings, unable to get consent for a stay, but also having no intentions of actually issuing licenses absent a "good" or "proper" reason, Defendants have taken it upon themselves to "review" the Court's order for a 90 day period. *See*

attached Declaration of Lawrence Powers and Exhibit A. Pending this review, Defendants are not issuing permits.

7.	Mr. Powers' experience is particularly troubling. He is a licensed D.C. firearms instructor, who was (finally) allowed to register his handgun.[1] There is no question that Powers meets *all* background check and training requirements. There is no legal basis to deny him a permit.

8.	District law does not provide for this sort of 90 day delay. The District has 90 days to issue the permit, and may extend this time period for an additional 90 days "where there is good cause for additional time to complete the investigation and the applicant is so notified in writing." 24 D.C.M.R. §§ 2339.1, 2340.1. "After completing the investigation *of the application*, the Chief shall either: (a) Deny the application pursuant to § 2340; or (b) Issue a preliminary approval of the application." 24 D.C.M.R. § 2339.2 (emphasis added). Since "good reason" and "proper reason" no longer need be investigated, there is no need for the process to take even 90 days, let alone 180 or more days.

9.	Nor does the Court's order allow for a 90-day "review" period. The order itself is unambiguous. If Defendants do not understand it, they should have moved immediately for clarification. In any event, the Court's order is supposed to be in effect **now**. All elements of contempt are plainly established: "(1) there was a court order in place; (2) the order required certain conduct by the defendant; and (3) the defendant failed to comply with that order." *Int'l Painters & Allied Trades Indus. Pension Fund* v. *Zak Architectural Metal & Glass LLC*, 736 F. Supp. 2d 35, 38 (D.D.C. 2010) (citations omitted).

---

[1] The persistent refusal to register Powers's handgun on account of his Maryland residence appears to have been in contempt of the injunction issued in *Palmer*, to say nothing of D.C.'s post-*Palmer* registration law.

3

10.     As was seen in the related *Palmer* case, Defendants' gamesmanship is boundless. In *Palmer*, having obtained a short stay by consent to enact a law that complied with constitutional standards, the District instead enacted the non-complying regime enjoined in this case, used the illusory licensing regime as an excuse to bar people from exercising their rights, waited until the last possible moment to appeal the Court's decision, used that appeal as a reason to contest the Court's jurisdiction, and having run out of briefing extensions from the Court of Appeals and been a denied a motion to stay their own appeal, thereafter dismissed that appeal. From July through the case's disposition earlier this month, Defendants managed not to give *Palmer* any practical effect.

11.     The games continue. Defendants supposedly not understanding the Court's order, they will ignore it. Of course, Defendants understand the order perfectly well. They simply dislike it. On May 26, 2015, counsel met and conferred regarding this motion. Defendants' attorney declined to state what is ambiguous about the Court's May 18 order, and offered only that "soon" there would be a filing discussing the matter.

12.     If Defendants want a 90 day stay of the Court's injunction, they need to ask for one. There are requirements and standards—in other words, there is *actual law* that governs that process. For parties in this Court, let alone government officials, to unilaterally declare a 90 day "court-ignoring" period upon issuance of a preliminary injunction is simply unacceptable.

Defendants are and should be held in contempt.

Dated: May 26, 2015     Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By:  /s/ Alan Gura
Alan Gura
Attorney for Plaintiffs