IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN WRENN, et al., ) | Case No. 15-CV-162-FJS |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION FOR IMMEDIATE ADMINISTRATIVE STAY

COME NOW the Plaintiffs, Brian Wrenn, Joshua Akery, Tyler Whidby, and the Second Amendment Foundation, Inc., by and through undersigned counsel, and submit their memorandum of points and authorities in opposition to Defendants' motion for immediate administrative stay.

Dated: May 26, 2015                Respectfully submitted,

                                   Alan Gura (D.C. Bar No. 453449)
                                   Gura & Possessky, PLLC
                                   105 Oronoco Street, Suite 305
                                   Alexandria, VA 22314
                                   703.835.9085/Fax 703.997.7665

                               By: /s/ Alan Gura
                                   Alan Gura
                                   Attorney for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION FOR IMMEDIATE ADMINISTRATIVE STAY[1]

The Court will note that Defendants' motion for an immediate administrative stay does not complain that the Court's order is ambiguous. Defendants claim the Court erred, but they seem to understand the order well enough. There should thus be no need for briefing and a hearing on Plaintiffs' motion for contempt. Dkt. 14.[2] As the record demonstrates, Defendants have taken it upon themselves to ignore the Court's May 18 order in the *hope* of obtaining a stay, on a motion filed over a week after the fact. As a practical matter, Defendants have already granted themselves a stay. They have stated, in black and white, in a letter issued to at least one applicant and probably countless others, that they are ignoring the Court's order for ninety days because they supposedly do not understand it. See Dkt. 14-2.

The request for an immediate administrative stay is thus disingenuous. The Defendants are not asking for permission to deny handgun carry license applications for lack of "good" or "proper" reason. They are already doing that. Defendants only want the Court to ratify their ongoing defiance of its preliminary injunction. Indeed, Defendants find it difficult to accept that they do, in fact, have to follow the Court's order. They offer, for example, that

> If no administrative stay were issued, for instance, the District *might* be forced to issue licenses while its motion to stay is pending before this Court.

Dkt. 15, at 16 (emphasis added).

---

[1] In due time, Plaintiffs will address Defendants' Motion for Stay Pending Appeal. Defendants' motion for "immediate" relief appears to merit an immediate response.

[2] Defendants' motion for stay pending appeal and for immediate administrative stay was filed after the Court ordered a response to the contempt motion and set that matter for hearing. While the stay motion is not that response, it should have at least offered *some* description of the ambiguity that today allegedly prevents Defendants from obeying the Court's order.

The District "might" be forced to issue licenses prior to a decision on its stay motion?

If Defendants are not certain that any qualified individuals would apply, their claims of harm contain an additional layer of speculation (beyond their speculating as to the harms caused by licensed citizens carrying defensive handguns). But surely Defendants are aware of numerous applications, including those of the individual Plaintiffs, and of Mr. Powers, that must be granted in the absence of a "good" or "proper" reason requirement.

The Court's orders must mean something. Compliance ought not be a question of "might." It is a matter of *now.* But were the Court to await full briefing and argument on the motion for a stay pending appeal in order to resolve the motion for an "immediate" administrative stay, Defendants "might" form the opinion that they can safely keep ignoring the preliminary injunction, issued May 18, at least until the July 7 hearing on Plaintiffs' contempt motion. Meanwhile, as the Court already found, the harm to Plaintiffs and the public is irreparable.

The motion for an immediate administrative stay lacks merit. Were the District truly suffering irreparable harm, it should have moved *immediately* for a stay, and not dragged matters out for over a week. Instead, Defendants sat on their hands and concocted a story for applicants about an alleged ambiguity, and refused to issue licenses because they "seek to clarify the scope of the order." Dkt. 14-2. Of course the District faces no harm from having to join the vast majority of the country in respecting Second Amendment rights. As the record reveals, individuals licensed to carry defensive handguns are remarkably law-abiding, and the Court has already emphasized that all of the District's other gun laws, including laws regulating the carrying of defensive handguns, remain in effect. Should a stay later issue, the District can always recall the licenses issued only owing to the Court's injunction.

The motion for immediate stay should be denied immediately, so that there is no question of Defendants' continuing obligation to obey the Court's May 18 order. The District of Columbia, its officials, and the public at large must know that the answer to an adverse injunction is, first, compliance; and second, timely and direct application for relief under established procedures.

The motion for an immediate administrative stay should be denied.

Dated: May 26, 2015  Respectfully submitted,

    Alan Gura (D.C. Bar No. 453449)
    Gura & Possessky, PLLC
    105 Oronoco Street, Suite 305
    Alexandria, VA 22314
    703.835.9085/Fax 703.997.7665

By:  /s/ Alan Gura
     Alan Gura
     Attorney for Plaintiffs