UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN WRENN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 15-cv-00162 (FJS) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | **Jury Trial Demanded** |
| ) | |
| Defendants. ) | |

## ANSWER TO COMPLAINT

Pursuant to Fed. R. Civ. P. 7(a) and 8(b), the District of Columbia and Chief Cathy Lanier (collectively, the District), by and through undersigned counsel, hereby respectfully answer the Complaint (Complaint) in the above-captioned case (comprising 14 pages, and more than 46 numbered and unnumbered paragraphs). For ease of reference only, the District utilizes the headings appearing in the Complaint in responding to the paragraphs of the Complaint below. The District, however, denies any and all statements made in the headings.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the District.

### SECOND DEFENSE

In response to the numbered allegations of the Complaint, the District states as follows:

### COMPLAINT

The allegations appearing in the paragraph immediately following the heading "COMPLAINT" are plaintiffs' legal conclusions to which no answer is required.

## THE PARTIES

1. The District admits the allegations in paragraph 1 of the Complaint.

2. The District admits the allegations in paragraph 2 of the Complaint.

3. The District lacks sufficient knowledge or information to admit or deny the allegations in paragraph 3 of the Complaint.

4. The District admits the allegations in the first sentence of paragraph 4 of the Complaint. The District lacks sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 4. The allegations in the third sentence of paragraph 4 are plaintiffs' legal and factual characterizations to which no answer is required. The allegations in the fourth sentence of paragraph 4 are plaintiffs' legal conclusions to which no answer is required. The District lacks sufficient knowledge or information to admit or deny the allegations in the fifth sentence of paragraph 4.

5. The District admits the allegations in paragraph 5 of the Complaint.

6. The District admits the allegations in the first sentence of paragraph 6 of the Complaint. The allegations in the remaining sentences of paragraph 6 are plaintiffs' legal conclusions to which no answer is required.

## JURISDICTION AND VENUE

7. The allegations in paragraph 7 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

8. The allegations in paragraph 8 of the Complaint are plaintiffs' legal characterizations and conclusions to which no answer is required; however, to the extent a response is required, the District admits that venue in the District of Columbia is appropriate.

STATEMENT OF FACTS

*The Regulatory Scheme*

9. The District admits only that the text quoted in the first sentence of paragraph 9 of the Complaint is contained in the referenced legislation. The District respectfully refers the Court to the referenced legislation for the full and complete contents thereof, and otherwise denies the allegations in the first sentence of paragraph 9. The allegations in the second sentence of paragraph 9 are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations in in the second sentence of paragraph 9.

10. The allegations in the first sentence of paragraph 10 of the Complaint are plaintiffs' legal conclusions and characterizations to which no answer is required; however, to the extent a response is required, the District respectfully refers the Court to the referenced code provision(s) for the true and correct content of the provisions. The District admits that the text quoted in the second sentence of paragraph 10 is contained in the citation (which is the third sentence of paragraph 10), and respectfully refers the Court to the referenced decision its full and complete contents. With respect to the third sentence of paragraph 10, the District admits only that D.C. Law 17-0388, which, among other things, repealed D.C. Code § 22-4506, became effective from May 20, 2009. The District otherwise denies the allegations in paragraph 10.

11. The District admits that the text quoted in paragraph 11 of the Complaint is contained in the referenced code provision, and otherwise denies the allegations in paragraph 11.

12. The allegations in the first sentence of paragraph 12 of the Complaint are plaintiffs' legal conclusions and characterizations to which no answer is required. The allegations in the second and third sentences of paragraph 12 (the third sentence being a citation) are plaintiffs' legal and factual characterizations to which no answer is required; however, to the extent a response is

required, the District respectfully refers the Court to the referenced press release for its true and correct contents, and otherwise denies the allegations in paragraph 12.

13. The District admits that the text quoted in paragraph 13 of the Complaint is contained in the referenced code provision, and respectfully refers the Court to the cited legislation for its full and complete contents. The District otherwise denies the allegation in paragraph 13.

14. The allegations in paragraph 14 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District respectfully refers the Court to the referenced legislation for its true and correct contents, and otherwise denies the allegations in paragraph 14.

15. The District admits that the text quoted in paragraph 15 of the Complaint is contained in the referenced regulations, and respectfully refers the Court to the cited regulations for their full and complete contents. The District otherwise denies the allegation in paragraph 15.

16. The District admits that it has promulgated the referenced "Concealed Carry Pistol License Application Form," and that the text quoted in paragraph 16 of the Complaint is contained on the Form, and respectfully refers the Court to the Form (*available online at* http://mpdc.dc.gov/sites/default/files/dc/sites/mpdc/page_content/attachments/Concealed%20Carry%20License_GoodReason%20Application_fillableform.pdf) for the Form's full and complete contents. The District otherwise denies the allegation in paragraph 16.

17. The District admits that the text quoted in paragraph 17 of the Complaint is contained in the referenced Form, and respectfully refers the Court to the Form for its full and complete contents. The District otherwise denies the allegation in paragraph 17.

18. The allegations in the first sentence of paragraph 18 of the Complaint are plaintiffs' legal characterizations and conclusions to which no answer is required. The District admits that the

text quoted in the remainder of paragraph 18 is contained on the referenced Form, and respectfully refers the Court to the Form for its full and complete contents. The District otherwise denies the allegation in paragraph 18.

19. The District admits that the text quoted in paragraph 19 of the Complaint is contained on the referenced Form, and respectfully refers the Court to the referenced Form for its full and complete contents. The District otherwise denies the allegations in paragraph 19.

20. The District admits that the text quoted in paragraph 20 of the Complaint is contained in the referenced Instructions, and respectfully refers the Court to the Instructions (*available online at* http://mpdc.dc.gov/sites/default/files/dc/sites/mpdc/page_content/attachments/ConcealedCarryLicenseApplicationInstructions102214_FINAL.pdf) for their full and complete contents. The District otherwise denies the allegations in paragraph 20.

21. The allegations in paragraph 21 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District admits that an applicant for a Concealed Carry Pistol license must affirm the application and his supporting statements under oath.

22. The allegations in paragraph 22 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

23. The allegations in paragraph 23 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

*The Regulatory Scheme's Application Against Plaintiffs*

24. With respect to the allegations in paragraph 24 of the Complaint, the District admits only that plaintiffs Brian Wrenn and Joshua Akery have registered handguns with the District of Columbia, that plaintiff Whidby possesses handguns that are registerable in the District of Columbia

for carriage by non-residents, and that he holds a Florida license to carry a concealed handgun. The District lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 24 of the Complaint.

25. The allegations in paragraph 25 of the Complaint are plaintiffs' legal conclusions and characterizations to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to admit or deny the allegations in paragraph 25 of the Complaint.

26. With respect to the allegations in the first sentence of paragraph 26 of the Complaint, the District admits that Plaintiffs Wrenn, Akery, and Whidby each applied to Defendant Lanier for a license to carry a handgun, and otherwise denies sufficient knowledge or information to admit or deny the allegations. The District admits only that, apart from the "good reason/proper reason" requirement, Wrenn, Akery and Whidby would each be able to qualify for a Washington, D.C. license to carry a handgun, assuming they complete the required training.

27. The allegations in paragraph 27 of the Complaint are plaintiffs' legal conclusions and factual characterizations to which no answer is required; however, to the extent that a response is required, the District lacks sufficient knowledge or information to admit or deny the allegations in paragraph 27 of the Complaint.

28. The allegations in paragraph 28 of the Complaint are plaintiffs' legal conclusions and factual characterizations to which no answer is required; however, to the extent that a response is required, the District lacks sufficient knowledge or information to admit or deny the allegations in paragraph 28 of the Complaint.

29. The District admits that neither plaintiff Wrenn nor plaintiff Akery listed a "Good Reason" or "Other Proper Reason" on the respective applications for a Concealed Carry Pistol

License, and otherwise denies sufficient knowledge or information to admit or deny the allegations in paragraph 29 of the Complaint.

30. The District admits that it denied plaintiff Wrenn's application for a Concealed Carry Pistol License on January 27, 2015, and that the text quoted is contained in the referenced letter, which was included as an exhibit to Plaintiffs' Motion for a Preliminary Injunction. The District respectfully refers the Court to the letter for its full and complete contents.

31. The District admits that it denied plaintiff Akery's application for a Concealed Carry Pistol License on January 27, 2015, and that the text quoted is contained in the referenced letter, which was included as an exhibit to Plaintiffs' Motion for a Preliminary Injunction. The District respectfully refers the Court to the letter for the full and complete contents thereof.

32. The District admits the allegations in the first sentence of paragraph 32 of the Complaint. The allegations in the second, third and fourth sentences of paragraph 32 are plaintiffs' legal and factual characterizations to which no answer is required; however, to the extent that a response is required, the District lacks sufficient knowledge or information to admit or deny the allegations in the second, third and fourth sentences of paragraph 32 of the Complaint. The allegations in the fifth and final sentence of paragraph 32 are plaintiffs' factual characterizations to which no answer is required; however, to the extent a response is required, the District respectfully refers the Court to the referenced application for its full and complete contents.

33. The District admits that it denied plaintiff Wrenn's application for a Concealed Carry Pistol License on January 23, 2015, and that the text quoted is contained in the referenced letter, which was included as an exhibit to Plaintiffs' Motion for a Preliminary Injunction. The District respectfully refers the Court to the letter for its full and complete contents.

34. The allegations in paragraph 34 of the Complaint are plaintiffs' legal conclusions to

which no answer is required.

35. The allegations in paragraph 35 of the Complaint are plaintiffs' legal conclusions and speculation to which no answer is required; however, to the extent that a response is required, the District lacks sufficient knowledge or information to admit or deny the allegations in paragraph 35.

## COUNT ONE
## U.S. CONST., AMEND. II, 42 U.S.C. § 1983
## AGAINST ALL DEFENDANTS

36. The allegations in paragraph 36 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 35.

37. The allegations in paragraph 37 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

38. The allegations in paragraph 38 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

39. The allegations in paragraph 39 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

40. The allegations in paragraph 40 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

## PRAYER FOR RELIEF

The allegations in the one unnumbered and six numbered paragraphs, which appear directly following the heading "PRAYER FOR RELIEF," are plaintiffs' prayer for relief to which no answer is required; however, to the extent a response is required, the District denies that any relief should be awarded and requests that this Court dismiss the Complaint with plaintiffs taking nothing by way of damages, fees, or costs against the District.

The District further answers that all allegations in the Complaint that are not specifically admitted or otherwise answered are hereby denied.

### THIRD DEFENSE

The District acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

### FOURTH DEFENSE

The District and its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, toward the plaintiffs in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

### FIFTH DEFENSE

Neither attorneys' fees nor costs are recoverable against the District in this case.

### SIXTH DEFENSE

Plaintiffs may not have standing to proceed on all of their claims.

### SEVENTH DEFENSE

The District reserves the right to assert any and all defenses that are supported by facts learned through discovery or at trial herein.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), the Defendants hereby demand trial by jury by the greatest number of jurors permitted by law on all claims.

DATE: June 1, 2015                    Respectfully submitted,

                                      KARL A. RACINE
                                      Attorney General for the District of Columbia

                                      ELIZABETH SARAH GERE
                                      Acting Deputy Attorney General
                                      Public Interest Division

       /s/ Toni M. Jackson
TONI M. JACKSON, D.C. Bar No. 453765
Section Chief, Equity Section


       /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Senior Assistant Attorney General
Equity Section I
441 Fourth Street, N.W.,
Sixth Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
E-mail: andy.saindon@dc.gov

       /s/ Chad A. Naso
CHAD A. NASO [1001694]
Assistant Attorney General
Office of the Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 724-7854 (o)
(202) 741-8951 (f)
chad.naso@dc.gov

*Counsel for Defendants*