IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN WRENN, et al., | ) Case No. 15-CV-162-FJS |
| Plaintiffs, | ) |
| v. | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| Defendants. | ) |

RESPONSE TO DEFENDANTS' PRAECIPE RE: CONTEMPT [DKT. 18]

Plaintiffs appreciate that Defendants have licensed or approved licenses pending training for each of the individual plaintiffs, and for Mr. Powers.

However, there still remains some confusion as to the extent of Defendants' compliance with the preliminary injunction. It is not yet clear that "the District has promptly and fully corrected the issue." Dkt. 18, ¶ 7. As related to Defendants and discussed below, Plaintiffs would withdraw their motion for contempt if additional clarity on the subject were forthcoming.

*First*, Mr. Powers' experience was not unique. For example, Joseph T. Brown sought to apply for a concealed carry license on May 21, and the police instructed him to submit a good/proper reason statement notwithstanding the injunction. See Brown Decl.

*Second*, as recounted in the motion for contempt, Dkt. 14, ¶ 11, counsel did in fact meet and confer over the substance of the motion. Counsel did not specifically identify Mr. Powers, because the issue is not limited to whether this one individual would obtain a permit. Powers' experience was only an example. Plaintiffs' concern, and this much was communicated clearly, was that Defendants were in contempt because they were not following the order. When told that the police were advising

applicants that the order was unclear, Defendants' counsel said only that the forthcoming filing (which turned out to be the motion for stay pending appeal, Dkt. 15) would discuss the matter. (It did not, but that is not relevant here.)

*Third*, after the filing of the contempt motion, and with the individual Plaintiffs and Mr. Powers having obtained licenses and license approvals, counsel continued to discuss the matter. Plaintiffs did not believe the issue was fully resolved. The District police's website, for example, did not acknowledge the injunction and still instructed applicants to provide a "good" or "proper" reason. Defendants' counsel stated that he would look into the matter.

The following day, when Plaintiffs learned that Defendants were still providing concealed carry license applicants confusing advice about the application process in light of the preliminary injunction—see Hebenstreit Decl. & Exhs. A & B—Plaintiffs met and conferred over a motion to modify the injunction to require Defendants to (1) post the order conspicuously on the MPD website and in the room where applications are accepted, (2) provide a copy of the order along with each application form, and (3) instruct every applicant that the application will be processed without a good/proper reason.

Defendants' relevant web page regarding applications now contains a link to the Court's order, and the following language: "Recently, a court decision was issued which may affect the 'good reason/proper reason' requirement for some concealed-carry applications (see 'Wrenn Order' document, attached below)." See Exh. C. However, the page also still relates:

> Additionally, the Firearms Control Act requires applicants to explain their need for a Concealed Carry Pistol License by demonstrating either a good reason to fear injury to themselves or their property, or any other proper reason. The fact that an applicant lives or works in a high crime area, in and of itself, is not a sufficient reason for the issuance of a Concealed Carry Pistol License. Applicants must demonstrate their basis for requesting a Concealed Carry Permit by submitting a personal statement or supporting documentation or a notarized statement from a third party. Please review the Instructions for Applying for a

> Concealed Carry License for additional information on these requirements. Further, all fees associated with the processing of applications for a Conceal Carry Pistol License are <u>non-refundable</u>, regardless of final determination.

*Id*. Defendants relate that they are providing applicants a copy of the Court's order.

This is still a vague and confusing position. Defendants are asking for a "good" or "proper" reason, and telling applicants that their applications might be impacted by a court order which they are invited to read and interpret. The problem is that Defendants are not revealing how *they* view the order— stating only, when prodded, that "The District of Columbia is still reviewing and evaluating the court's order by Judge Scullin, and it's scope. Once the District determines changes are needed to the application it will be updated online accordingly." Exh. B.

Defendant Lanier has at times spoken more plainly: "We will not be issuing any denials based on that [good/proper reason], right now, because of the injunction." http://www.wjla.com/blogs/news-talk/2015/05/monthly-q-a-with-dc-police-chief-cathy-lanier-25364.html, at 2:40.

If Defendants believe that only some people, *e.g.*, SAF members, are covered by the order, they should explain that to the public. If Defendant Lanier's broader view is in effect, that should be explained as well. And if Defendants wish to ask for a "good/proper" reason, as an option, just in case the injunction is stayed or overturned, they should say so directly.[1] Of course no application submitted originally since May 18 has been denied for lack of good reason, because the law affords a ninety-day processing period. But with Defendants taking conflicting, unclear, and at least occasionally erroneous positions, it is not too much to ask them to take a clear stand as to how, exactly, they view and apply the injunction, so that the public knows what to expect in applying for a permit to carry a concealed handgun.

---

[1] Plaintiffs would not oppose that request so long as Defendants explain its optional and contingent nature.

Dated: June 4, 2015　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　Alan Gura (D.C. Bar No. 453449)
　　　　　　　　　　　　　　　　　　　Gura & Possessky, PLLC
　　　　　　　　　　　　　　　　　　　105 Oronoco Street, Suite 305
　　　　　　　　　　　　　　　　　　　Alexandria, VA 22314
　　　　　　　　　　　　　　　　　　　703.835.9085/Fax 703.997.7665

　　　　　　　　　　　　　　　　By:　/s/ Alan Gura
　　　　　　　　　　　　　　　　　　　Alan Gura
　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs