UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
BRIAN WRENN, *et al.*,              )
                                    )
                Plaintiffs,         )
                                    )
        v.                          )        Civil Action No. 15- 00162 (FJS)
                                    )
DISTRICT OF COLUMBIA, *et al.*,     )
                                    )
                Defendants.         )
_____)

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO
PLAINTIFFS' MOTION TO HOLD DEFENDANTS IN CONTEMPT

Defendants (collectively, "the District") hereby submit this Memorandum of Points and Authorities in Opposition to plaintiffs' Motion to Hold Defendants in Contempt. As discussed below, plaintiffs' motion should be denied because the District has fully complied with the express terms of the Court's Order, dated May 15, 2015 (the "Order"), and the injunction has now been administratively stayed by the D.C. Circuit. A proposed order is attached.

## I. Background

By Memorandum-Decision and Order dated May 18, 2015 [Doc. No. 13], the Court granted plaintiffs' motion for preliminary injunction and enjoined the District

> from enforcing the requirement of D.C. Code § 22-4506(a) that handgun carry license applicants have a 'good reason to fear injury to his or her person or property or has any other proper reason for carrying a pistol,' including, but not limited to, the manner in which that requirement is defined by D.C. Code § 7-2509.11 and 24 D.C.M.R. §§ 2333.1, 2333.2, 2333.3, 2333.4, and 2334.1, against Plaintiffs Brian Wrenn, Joshua Akery, Tyler Whidby, and other members of Plaintiff Second Amendment Foundation, Inc.

Order at 22.

The Court further enjoined the District "from denying handgun carry licenses to applicants who meet the requirements of D.C. Code 22-4506(a) and all other current requirements for the possession and carrying of handguns under District of Columbia law[.]" *Id.* at 23.

On May 26, 2015, plaintiffs filed a Motion to Hold Defendants in Contempt [Doc. No. 14], asserting that Lawrence W. Powers received a letter from MPD invoking an additional 90-day period to process his application for a concealed-carry permit, allegedly in violation of the Order. *See* Doc. No. 14 at ¶ 6; Doc. Nos. 14-1 [Declaration of Lawrence W. Powers] & 14-2.

Upon learning of these allegations—which it first did on receiving plaintiffs' motion—the District investigated and determined that MPD had issued the letter to Mr. Powers in error. *See* Doc. No. 18-1 [Declaration of Sgt. Colin Hall] ¶ 6. MPD issued Mr. Powers a concealed-carry license the very next day, on May 27, 2015. *Id.* ¶¶ 7–8. On May 28, the District filed a Praecipe and a Declaration from the supervisor of the MPD Firearms Registration Unit, alerting plaintiffs and the Court to these factual developments and asking the plaintiffs to withdraw their motion. *See* Doc. Nos. 18, 18-1. In addition, the District noted in its Praecipe that, in accordance with the Court's Order, MPD had preliminarily approved concealed-carry licenses for the named plaintiffs—Brian Wrenn, Joshua Akery, and Joshua Whidby—pending their completion of the training requirements set forth in District law. Doc. No. 18 ¶ 8; 18-1; ¶ 9.

Plaintiffs subsequently filed a "Response" to the District's Praecipe [Doc. No. 23] ("Pls' Res.") in which they declined to withdraw their motion, arguing that "additional clarity" was needed with respect to the District's compliance with the Order. *See* Pls' Res. at 1. Specifically, plaintiffs identified one individual, Joseph T. Brown, who allegedly was instructed by MPD to submit a good/proper reason statement when he applied for a concealed carry permit on May 21.

*Id.*; Doc. No. 23-1 [Declaration of Joseph Tyrone Brown] ¶ 3. Plaintiffs further argue that MPD is providing "confusing advice about the application process in light of the preliminary injunction," which they suggest could be remedied by "modify[ing] the injunction" to require the District "to (1) post the order conspicuously on the MPD website and in the room where applications are accepted, (2) provide a copy of the order along with each application form, and (3) instruct every applicant that the application will be processed without a good/proper reason." Pls' Res. at 2. *See also* Doc. No. 23-2 [Declaration of Garret Hebenstreit].

By *per curiam* Order of June 12, 2015, the United States Court of Appeals for the District of Columbia Circuit stayed this Court's injunction "pending further order of the court." Doc. No. 26.

## II.  Argument

The District has complied fully with the express terms of the Court's Order, and plaintiffs have not shown otherwise. "A party that moves for a finding of civil contempt must demonstrate, by clear and convincing evidence, that '(1) there was a court order in place; (2) the order required certain conduct by the defendant; and (3) the defendant failed to comply with that order.'" Memorandum-Decision and Order, *Palmer v. District of Columbia*, No. 09-1482 (FJS) (D.D.C. May 18, 2015) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Zak Architectural Metal & Glass LLC*, 736 F. Supp. 2d 35, 38 (D.D.C. 2010)). To justify a finding of contempt, the moving party must show that the other party violated an order that was "clear and unambiguous" by "clear and convincing evidence, and ambiguities in the underlying order should be resolved in favor of the alleged contemnor." *Teamster Local Union No. 96 v. Wash. Gas Light Co.*, 466 F.Supp.2d 360, 362 (D.D.C. 2006) (quoting and citing *Armstrong v. Exec. Office of the President*, 1 F.3d 1274, 1289 (D.C. Cir. 1993) (*per curiam*), and *Food Lion, Inc. v.*

*United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1016 (D.C. Cir. 1997)). Further, a party can justify its failure to comply with a court order by establishing its inability to comply or good faith substantial compliance. *Int'l Painters*, 736 F. Supp. 2d at 40 (citing *Food Lion*, 103 F.3d at 1017).

Here, plaintiffs have identified one instance in which MPD erroneously sought *additional time* to process a concealed-carry license application. *See* Doc. No. 14-1 & 14-2. But as the District has explained, and plaintiffs appear to accept, MPD issued a concealed-carry permit for Mr. Powers promptly after being made aware of its error. *See* 18-1 [Declaration of Sgt. Colin Hall] ¶¶ 7–8. In addition, plaintiffs do not dispute that, in accordance with the Court's Order, MPD has preliminary approved concealed-carry licenses for the named plaintiffs in this matter. *See id.* ¶ 9.[1] There is thus no basis for contempt as to Mr. Powers or the named plaintiffs.

Plaintiffs' Response does not state that either Joseph T. Brown or Garret Hebenstreit qualifies for a concealed-carry license under the terms of the Order. *See* Order at 22 (enjoining the enforcement of the good/proper reason requirement as against "Plaintiffs Brian Wrenn, Joshua Akery, Tyler Whidby, and other members of Plaintiff Second Amendment Foundation, Inc."). In any case, plaintiffs do not contend that either of these individuals has been *denied* a concealed-carry license for this or any other reason. *See* Doc. No. 23-1 [Declaration of Joseph Tyrone Brown]; Doc. No. 23-2 [Declaration of Garret Hebenstreit]. Indeed, plaintiffs' Response explicitly states that Mr. Hebenstriet has not even applied for a concealed-carry license. *See* Doc. No. 23-2 [Declaration of Garret Hebenstreit] ¶ 4 (describing MPD e-mail as "less than encouraging" and declaring intent not to apply). Moreover, plaintiffs concede that "no

---

[1]　　In light of the Circuit's order staying the injunction, however, the District is not obligated to issue licenses to the named plaintiffs unless they can demonstrate that they satisfy the good reason/proper reason requirement of D.C. Official Code § 7-2509.11(1).

application submitted originally since May 18 ha[d] been denied for lack of good reason" at the time of their response, Pls' Res. at 3, and, as of June 12, the injunction has been stayed by the D.C. Circuit.

At bottom, plaintiffs complain that they desire "clarity" as to the District's understanding of the Order. But plaintiffs' confusion does not demonstrate that the District has failed to comply with the terms of the "very limited" injunction granted by the Court. *See* Order at 20. The Court's Order does not require the District to modify MPD's website or application forms, provide any specific "advice about the application process in light of the preliminary injunction" (Pls' Res. at 2), or to otherwise provide applicants or the public at-large with any information about the Order. *See generally* Order at 22. That is not surprising, because plaintiffs never moved for such relief. And, even if otherwise warranted, such relief at this juncture would be premature in light of the Circuit's order staying the injunction pending further proceedings in that Court.

Plaintiffs appear to misunderstand the contours of the Court's Order, by suggesting that the Court "modify the injunction" in order to address their asserted concerns (*see* Pls' Res. at 2)—a position that is incompatible with an assertion that the District *violated* the Order, much less that it failed to substantially comply with the Order in good faith.[2] *See Int'l Painters*, 736 F. Supp. 2d at 40. To the extent that plaintiffs are seeking to utilize their motion for contempt as a means to orchestrate an enlargement of the scope of the "limited" injunction that they initially sought, their attempt is improper and must be rejected.

Civil contempt is used to compel compliance with a court order or, in some circumstances, to compensate a party for losses sustained by non-compliance. *Cobell v. Norton*,

---

[2]     Although it was not obligated to do so by the terms of the Court's Order, the District has attempted in good faith to address plaintiffs' concerns by providing a link to the Court's Order on MPD's concealed-carry website, and has made paper copies of the Order available at the Gun Registration offices. *See* Doc. No. 19 at n.1.

334 F.3d 1128, 1145 (D.C. Cir. 2003) (quoting *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 828–29 (1994)). Here, the District is in compliance with the Court's Order, and plaintiffs have suffered no "losses" based on non-compliance. In sum, the plaintiffs' contempt filings do not allege that the named plaintiffs have been denied a concealed-carry license in any way that violated the Court's injunction before it was stayed. Thus, a finding of contempt, in addition to being entirely unwarranted, would serve no purpose here. Plaintiffs' motion should be denied.

III. Conclusion

For the reasons stated above, plaintiffs' motion should be denied.

DATE: June 22, 2015                    Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

ELIZABETH SARAH GERE
Acting Deputy Attorney General
Public Interest Division

_____/s/ Toni Michelle Jackson_____
TONI MICHELLE JACKSON
Chief, Equity Section
Bar Number 453765
Office of the Attorney General
One Judiciary Square
Sixth Floor South
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 442-9784
E-mail: toni.jackson@dc.gov

_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987
Senior Assistant Attorney General
Equity Section
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001

Telephone: (202) 724-6643
Facsimile: (202) 730-1470
E-mail: andy.saindon@dc.gov

      /s/ Chad A. Naso
_____
CHAD A. NASO [1001694]
Assistant Attorney General
Office of the Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 724-7854 (o)
(202) 741-8951 (f)
chad.naso@dc.gov