IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRIAN WRENN, et al., | ) | Case No. 15-CV-162-FJS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

REPLY TO DEFENDANTS' OPPOSITION TO MOTION RE: CONTEMPT

Defendants' latest reply is unsatisfying.

Inherent in the Court's injunction against enforcement of the "good"/"proper" "reason" requirement is the command that when applicants apply for a license, they not be told to submit a good or proper reason, or told that the District is still thinking about what the injunction might mean. If an injunction is ambiguous, the burden falls to the party enjoined to do its best and seek clarification from the Court. It may not give the impression to people who rely on the injunction that the injunction is really not in effect because nobody knows what, if anything, it might mean.

Plaintiffs learning of one improper denial (Powers) is a "mistake." Plaintiffs learning of two more individuals given misleading and confusing advice, one of whom was effectively dissuaded from applying, is a real problem. The fact that the 90 days have not yet elapsed from the injunction's issuance is irrelevant if the District's public position is such that people are dissuaded from applying.

Plaintiffs sought to resolve this dispute the easy way—by asking Defendants to take a clear public stance, visible to all would-be applicants, explaining exactly what they think the injunction means and how it would impact their licensing process. Perhaps that is not always necessary with

injunctions, which is why Plaintiffs did not seek and the Court did not order anything in particular

with respect to Defendants' public stance. The Court is, after all, entitled to expect that the

injunction would simply be followed. But the fact that Plaintiffs suggested a specific solution as a

means of averting a motion, after Defendants' behavior raised serious questions about compliance,

does not mean that Plaintiffs are seeking to enlarge the injunction. Had Plaintiffs learned that

applicants were receiving correct information about the process, and that nobody was being

dissuaded owing to the District's alleged confusion about the injunction, the motion would not have

been filed.

The issue may or may not be moot, considering the stay now in effect. But should the stay be

lifted, Plaintiffs hope that Defendants would simply declare, unequivocally, that they are complying

with the injunction. Not here, not to Plaintiffs, not on a case-by-case basis wherever someone

complains of a "mistake," but to the public which relies on that injunction. The injunction will be

followed when nobody has to wonder whether it will be followed.

Dated: June 26, 2015                          Respectfully submitted,

                                              Alan Gura (D.C. Bar No. 453449)
                                              Gura & Possessky, PLLC
                                              105 Oronoco Street, Suite 305
                                              Alexandria, VA 22314
                                              703.835.9085/Fax 703.997.7665

                                     By:   /s/ Alan Gura
                                              Alan Gura
                                              Attorney for Plaintiffs