IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRIAN WRENN, et al., | ) | Case No. 15-CV-162-FJS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO EXTEND TIME TO RESPOND TO DEFENDANTS' MOTION FOR CASE REASSIGNMENT

STATEMENT OF FACTS

1.      On September 15, 2015, the Court of Appeals ordered the parties to brief answers to

two questions: whether Judge Scullin was properly assigned to hear this case, and if not, whether

that had any impact on Judge Scullin's jurisdiction to enter the injunction.

2.      The parties filed their respective briefs on October 5, 2015. Defendants offered their

newly discovered views, but Plaintiffs pointed out that the designation to "perform judicial duties"

in *Palmer* v. *District of Columbia*, No. 09-1482, necessarily included the ordinary obligation under

LCvR 40.5 to hear related cases, per 28 U.S.C. § 296; that the Defendants declined to timely object

to the related case assignment, although they were aware of the process, as they demonstrated in

*Smith* v. *District of Columbia*, No. 15-737; and that even if there were a related case assignment

error, Defendants' failure to timely object, plus the fact that Judge Scullin is an Article III judge

(and not some random person) who exercised this Court's jurisdiction (as opposed to that of some

other court), would have made the order jurisdictionally sound under the judge de facto doctrine,

*see, e.g., Nguyen* v. *United States*, 539 U.S. 69, 77 (2003); *Ryder* v. *United States*, 515 U.S. 177, 180 (1995); *McDowell* v. *United States*, 159 U.S. 596 (1895); *Ball* v. *United States*, 140 U.S. 118 (1891).

3.      Defendants' interlocutory appeal is fully briefed, and set for argument before Judges Pillard, Silberman and Sentelle on November 20, 2015.

4.      Notwithstanding the fact that the judicial assignment question is before the D.C. Circuit, in a proceeding to be argued imminently, Defendants moved for a case reassignment on the afternoon of October 23, 2015.

5.      Defendants' counsel offered that the request for reassignment "may make no immediate difference at all." *See* Exhibit A.

6.      Pursuant to LCvR 7(b) & (d), and Fed. R. Civ. P. 6(d), Plaintiffs' opposition to the motion for reassignment is due November 9, 2015, and Defendants' reply would be due November 19, 2015—the day before the D.C. Circuit is to hear argument in this case.

ARGUMENT

The D.C. Circuit has before it the specific question of whether the judicial assignment was correct (it was). That would ordinarily be reason enough to delay ruling on the matter, as this Court now lacks jurisdiction to decide that question. *See, e.g., United States* v. *Sparks*, 885 F. Supp. 2d 92, 102 (D.D.C. 2012) (notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects involved in the appeal") (citations omitted).

But there is more. Even if there were not a jurisdictional bar to (belatedly) litigating the exact issue already being litigated before the D.C. Circuit, good cause would plainly exist to delay visiting the assignment question here. It is the standard common-sense practice, requiring little explanation, to stay district court proceedings where a pending appeal will likely provide material

guidance on the question before the district court, especially where no prejudice would befall any party by waiting for appellate guidance. This practice has been repeatedly seen in Second Amendment cases. *See, e.g.*, *Defense Distributed* v. *U.S. Dep't of State*, No. 15-372-RP, Dkt. 66 (W.D. Tex. Oct. 1, 2015); *Fyock* v. *City of Sunnyvale*, No.5:13-5807-RMW, Dkt. 64 (N.D. Cal. Mar. 27, 2014); *Jackson* v. *City & Cnty. of San Francisco*, 3:09-2143-RS, Dkt. 154 (N.D. Cal. Dec. 31, 2012); *Ezell* v. *City of Chicago*, No. 1:10-CV- 5135, Dkt. 19 (N.D. Ill. April 8, 2011); *Pena* v. *Cid*, 2:09-CV-1185- FCD-KJM, Dkt. 28 (E.D. Cal. August 9, 2010); *Pena* v. *Cid*, 2:09-CV-1185-FCD-KJM, Dkt. 24 (E.D. Cal. Oct. 2, 2009); *Jackson* v. *City & Cnty. of San Francisco*, 3:09-2143-PJH, Dkt. 22 (N.D. Cal. August 27, 2009). This Court's order of June 24, 2015, Dkt. 24, stands in accord with this policy.

Why waste time litigating an issue before three district court judges, when three *circuit court* judges are already considering the matter? And since the D.C. Circuit might well agree with Plaintiffs that the assignment of this case was proper, an unnecessary, premature re-assignment could materially prejudice both parties, were the case to needlessly proceed before another judge less familiar with the issues the case presents.

On the other hand, there is no telling what might happen if the case is reassigned in the district court prior to the D.C. Circuit's decision. For example, might the next district court judge decide the case in the Defendants' favor while the current appeal is outstanding, essentially allowing the Defendants to shop not only for another district judge, but for a different D.C. Circuit panel's view of the merits by mooting the instant appeal? *Am. Postal Workers Union* v. *U.S. Postal Serv*., 764 F.2d 858, 860 n.3 (D.C. Cir. 1985); *DynaLantic Corp.* v. *DOD*, No. 96-5169, 1996 U.S. App. LEXIS 30418 (D.C. Cir. Oct. 7, 1996). This motion is already an attempt to shop for a different

panel—the Calendar and Case Management Committee, instead of the presently-constituted D.C. Circuit panel—on the judicial assignment question. For their part, Defendants maintain that the reassignment "may make no immediate difference at all," Exhibit A, which only begs the question: why decide this matter here now, when the D.C. Circuit will decide it soon enough? As far as Defendants are concerned, probably for the reason they object to this motion: their reassignment ploy is an obvious end-run around the D.C. Circuit panel.

Solid grounds exist on which to oppose the reassignment motion. It is time-barred, for one. *See* LCvR 40.5(b)(2) ("Any objection by the defendant to the related case designation shall be filed and served with the defendant's first responsive pleading or motion.").[1] The Calendar and Case Management Committee to whom the motion is directed also lacks authority to grant this sort of request, which is nothing more than an untimely challenge to a related-case designation. As the comment to LCvR 40.5(c)(3) makes clear:

> The Court has eliminated the provision in this Rule that permitted a party to appeal to the Calendar and Case Management Committee an individual judge's decision with respect to whether cases are related because the Court does not believe it is appropriate for a party to be able to seek review of a decision of one judge of this Court by three of that judge's co-equal colleagues. As amended, the Rule would make the individual judge's decision final.

The reassignment motion completely flouts the local rules governing related case assignments. If it is "[in]appropriate for a party to be able to seek review of a decision of one judge of this Court by three of that judge's co-equal colleagues," it must be doubly so to have a party ask three district judges to yank a question from under the D.C. Circuit's purview on the day before the D.C. Circuit

---

[1]If Defendants believed that Judge Scullin's original designation contained any relevant limitation, they were in possession of that document since July, 2011. Not thinking of a legal argument is not the same as being unaware of the basis for that argument. Defendants plainly had entertained thoughts about the limits of that designation, as they displayed in *Smith*.

is to hear argument on that very question, upon which it specifically directed supplemental briefing. And of course, Plaintiffs' supplemental brief before the D.C. Circuit offers additional reasons for opposing this motion.

But Plaintiffs should not have to rehash those arguments here while they are preparing to argue those points before the D.C. Circuit. A controlling appellate decision on the assignment matter, one way or another, will come soon enough.

CONCLUSION

Plaintiffs respectfully request that their opposition to the Defendants' reassignment motion not be due until fourteen days after the issuance of the D.C. Circuit's mandate in the present interlocutory appeal.

Dated: October 26, 2015                    Respectfully submitted,

                                           Alan Gura (D.C. Bar No. 453449)
                                           Gura & Possessky, PLLC
                                           105 Oronoco Street, Suite 305
                                           Alexandria, VA 22314
                                           703.835.9085/Fax 703.997.7665


                                    By:   /s/ Alan Gura_____
                                          Alan Gura
                                          Attorney for Plaintiffs