UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN WRENN, *et al.*, | ) )  ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 15-00162 (FJS) ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME TO RESPOND TO DEFENDANTS' MOTION FOR CASE REASSIGNMENT**

Defendants (collectively, the District) respectfully submit this Opposition to Plaintiffs' Motion to Extend Time to Respond to Defendants' Motion for Case Reassignment. The District responds as follows:

1. As with the District's motion for case reassignment, plaintiffs' motion to extend the time to oppose should be resolved by the Calendar and Case Management Committee. If the premise of the District's reassignment motion is correct, Judge Scullin lacks authority to take any judicial action in this case, including ruling on plaintiffs' extension motion. The District therefore asks that plaintiffs' motion, this opposition, and plaintiffs' reply (if any) be referred to the Committee Chair as provided by Local Civil Rule (LCvR) 40.1(b) and 40.6(b).

2. Plaintiffs essentially ask the Committee to hold the District's reassignment motion in abeyance until the D.C. Circuit has ruled on Judge Scullin's authority to preside over this case. They argue that the Committee should not consider the motion sooner because the District is trying to "shop" for a different judge or make an "end-run" around the D.C. Circuit panel that is considering the District's appeal of the preliminary injunction issued by Judge Scullin. Doc. No.

34-1 at 3-4. This charge is unsupported and false. The District has sought reassignment only for "further proceedings." Doc. No. 33 at 3. It is not asking the Committee to rule on the legality of the preliminary injunction issued by Judge Scullin, nor to take any action that would moot the appeal—let alone to "yank" the issue from the D.C. Circuit on the eve of argument, as plaintiffs charge. Doc. No. 34-1 at 4. There is thus no basis to defer ruling on the District's motion.

    3. Although the propriety of the preliminary injunction is on appeal, this Court has authority to continue with further proceedings while a preliminary-injunction appeal is pending, and ordinarily is expected to do so. *See Ex Parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156, 162 (1901) ("The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered."); *Soc'y for Animal Rights v. Schlesinger*, 512 F.2d 915, 918 (D.C. Cir. 1975) ("We assume that the case will proceed forward expeditiously in the district court despite the pendency of the § 1292(a) appeal in this court."); *Human Res. Mgmt. v. Weaver*, 442 F. Supp. 241, 250 (D.D.C. 1977) (on appeal from denial of preliminary injunction "a federal district court is not divested of power to take continuing action in the underlying case"). *See generally* Wright & Miller, 16 *Fed. Prac. & Proc.* § 3921.2 (3d ed. 2015). To continue with further proceedings, the Court must have a properly appointed judge.

    4. Plaintiffs' attempt to distort the undersigned's comment in an email from last week is unavailing. When plaintiffs' counsel asked the undersigned "[w]hat immediate difference would [the District's reassignment motion] make?," undersigned responded that "it may make no immediate difference at all." This was nothing more than an acknowledgement of the uncertain reality that proceedings in the district court *might* remain dormant while the interlocutory appeal is pending. It was not, as plaintiffs suggest, a concession that this case should not be assigned

promptly to a judge with authority to preside. The case is still live in this Court—further proceedings could happen at any time, and there should be a properly authorized judge ready to hear matters as they arise. Moreover, that is so whether or not any defect in Judge Scullin's appointment should be disregarded for purposes of the District's challenge to the preliminary injunction under the *de facto* judge doctrine (as plaintiffs have argued before the D.C. Circuit). No one contends that the doctrine would permit a judge whose lack of authority has been recognized to continue issuing rulings nonetheless. *See* Doc. No. 34-1 at 1 (contending only that the doctrine "would have made the [preliminary-injunction] order jurisdictionally sound," not that it would provide prospective authority).

5. It bears note as well that the parties cannot waive jurisdiction, and courts have an independent obligation to determine their own jurisdiction, even if the parties fail to address the issue. *Obaydullah v. Obama*, 688 F.3d 784, 788 (D.C. Cir. 2012) (citing *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)). Moreover, as officers of the court, the District's attorneys are obligated to bring this matter to the attention of the Committee so it can resolve the uncertainty before a need for a properly authorized judge arises.

6. The District does not believe that further briefing on the issue of Judge Scullin's authority is necessary or appropriate, given that the D.C. Circuit requested simultaneous supplemental briefs on the issue without giving either side an opportunity to reply. The District accordingly did not present additional argument in its reassignment motion. Instead, it appended the parties' briefs to the D.C. Circuit on the issue, which adequately present both sides' positions. Plaintiffs therefore should agree that the issue already has been briefed sufficiently, which resolves their complaint about having to "rehash th[eir] arguments here." Doc. No. 34-1 at

5. There would then be no need for them to wait until the current due date (let alone an extended one) to respond, and the District would not need to reply.

7. The District is not appealing the related-case designation, so plaintiffs' discussion of LCvR 40.5 is irrelevant. *See* Doc. No. 34-1 at 3–4. Rather, the District is arguing here that, regardless of the related-case designation, Judge Scullin lacks authority to proceed.


DATE: October 28, 2015              Respectfully submitted,

                                    KARL A. RACINE
                                    Attorney General for the District of Columbia

                                    ELIZABETH SARAH GERE
                                    Acting Deputy Attorney General
                                    Public Interest Division

                                          /s/ Toni Michelle Jackson
                                    TONI MICHELLE JACKSON, D.C. Bar No. 453765
                                    Chief, Equity Section

                                          /s/ Andrew J. Saindon
                                    ANDREW J. SAINDON, D.C. Bar No. 456987
                                    Senior Assistant Attorney General
                                    441 Fourth Street, N.W., Sixth Floor South
                                    Washington, D.C. 20001
                                    Telephone: (202) 724-6643
                                    E-mail: andy.saindon@dc.gov

                                          /s/ Chad A. Naso
                                    CHAD A. NASO [1001694]
                                    Assistant Attorney General
                                    Office of the Attorney General, DC
                                    441 Fourth Street, N.W., Sixth Floor South
                                    Washington, D.C. 20001
                                    Telephone: (202) 724-7854
                                    Email: chad.naso@dc.gov