IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRIAN WRENN, et al., | ) | Case No. 15-CV-162-FJS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO EXTEND TIME TO RESPOND TO DEFENDANTS' MOTION FOR CASE REASSIGNMENT

Judge Scullin is the only judge who can hear this motion (and Defendants' underlying motion for reassignment). Defendants have no knowledge about Judge Scullin that they did not have when this case was filed—or, for that matter, when they objected to the related case designation in *Smith* v. *District of Columbia*, No. 15-737—and directed their objection *not* to the Calendar and Case Management Committee, but to Judge Scullin.

The notion that Defendants are "not appealing the related-case designation," Opp. at 4, is nonsense. The rule plainly required Defendants to timely object to the related-case assignment if they had "any objection." LCvR 40.5(b)(2). Defendants had no trouble having Judge Scullin rule on their objection in *Smith*. The fact that their objection here is based on the assignment circumstances (of which they were fully aware when they submitted their *Smith* objection to Judge Scullin) does not remove it from the category of "any objection[s]" that must have been timely raised to Judge Scullin. Under the rules, it is not appropriate for three judges to overrule their co-equal colleague's decision on related case assignments—for whatever reason. It is also inappropriate to shop this

1

motion for extension around the assigned judge. But then, Defendants have no qualms about shopping their way around the D.C. Circuit.

Defendants claim that they only want prospective relief. Fine—then why can't it wait for the appeal to conclude? Is there some emergency? Is there anything pending before this Court? Isn't the D.C. Circuit about to rule on whether the Defendants will get this relief? Might they not obtain that relief from the appellate panel? What are they asking for that isn't already before the D.C. Circuit?

What if Defendants have Judge Scullin removed, only to have the D.C. Circuit uphold his designation—does Judge Scullin come back and possibly undo whatever the intervening judge did? Judge Scullin effectively entered a stay by ordering that scheduling be adjourned without a date. *See* Dkt. 29. What does an intervening judge do with that order? Defendants indicate that they want the case to proceed rapidly through this Court while it is on appeal. Why, if the intent is not to subvert the instant appeal? Defendants claim they are not shopping for different judges on the assignment question, but they fail to explain *why* the Calendar and Case Management Committee must decide the assignment issue before the D.C. Circuit gets to rule on the matter. The reasons are plain enough.

In an extra measure of chutzpah, the Defendants claim that no further briefing on the issue is necessary because the D.C. Circuit briefing is adequate. Why, then, is the D.C. Circuit itself inadequate to decide the question on which it ordered briefing? On Defendants' logic, why not dispense with the D.C. Circuit altogether, and have the Calendar and Case Management Committee sit as an appellate panel and hear the entirety of the instant appeal? Or any appeal? After all, the Committee can read any appellate briefs it might deem to have adequately presented any issue.

Of course, the D.C. Circuit having the question of Judge Scullin's assignment before it, *this Court lacks jurisdiction* to decide the matter—a point the Defendants fail to address. That is reason enough to put the matter on hold (if there is anything left of it at the appeal's conclusion).

\* \* \*

"There comes a time when it is just not fair to a plaintiff to make them endure what has to be done to try a case against the District of Columbia." *Webb* v. *District of Columbia*, 189 F.R.D. 180, 194 (D.D.C. 1999). The D.C. Circuit has raised an unusual question, sought briefing, and is preparing to hear the matter. This is not the time to shop for a different set of *District Court* judges to hurriedly short the D.C. Circuit.

There is no basis for opposing this extension. The reassignment matter must, like the rest of this case, be placed on hold until after the D.C. Circuit rules on its own question.

Dated: October 28, 2015                                Respectfully submitted,

                                                    Alan Gura (D.C. Bar No. 453449)
                                                  Gura & Possessky, PLLC
                                                  105 Oronoco Street, Suite 305
                                                  Alexandria, VA 22314
                                                  703.835.9085/Fax 703.997.7665

                                      By:   /s/ Alan Gura
                                                  Alan Gura
                                                  Attorney for Plaintiffs