IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRIAN WRENN, et al., | ) | Case No. 15-CV-162 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

NOTICE OF SUPPLEMENTAL AUTHORITY

On September 18, 2015, the D.C. Circuit decided *Heller* v. *District of Columbia*, 801 F.3d 264 (D.C. Cir. 2015). *Heller III* is dispositive of the City's arguments here.

*Heller III* involved, among other issues, a challenge to a D.C. ordinance forbidding residents from registering more than one handgun per thirty day period. The City argued that this limitation "would further promote public safety by limiting the number of guns in circulation, as the District could reasonably conclude that more guns lead to more gun theft, more gun accidents, more gun suicides, and more gun crimes." *Heller III*, 801 F.3d at 280. Its expert testified that "the most effective method of limiting misuse of firearms, including homicide, suicide, and accidental injuries, is to limit the number of firearms present in a home." *Id*.

The D.C. Circuit rejected the City's argument, and struck down the law:

> Accepting that as true, however, it does not justify restricting an individual's undoubted constitutional right to keep arms (plural) in his or her home, whether for self-defense or hunting or just collecting, because, taken to its logical conclusion, that reasoning would justify a total ban on firearms kept in the home.

*Id*. (citation omitted). In other words, if the city could ration a fundamental right just because it deems the right dangerous, the "right" would not exist, replaced by the mere dispensation to do what city officials felt like tolerating.

The City's rationing argument in this case—the carrying of guns is inherently risky, therefore, it should be rationed—is indistinguishable from the theory rejected in *Heller III*. If a right to carry arms exists—and it does—limiting the number of firearms being carried in public as a means of limiting misuse, *even if effective*, cannot be justified. This Court does not sit to "prove" that a constitutional provision is or is not desirable.[1]

There is no question that the City's "good/proper reason" requirement is a rationing scheme. The City has said so explicitly:

> The District has an important interest in reducing the number of concealed weapons in public in order to reduce the risks to other members of the public. It also has an important interest in reducing the number of concealed handguns in public due to their disproportionate use in violent crime in public places.

Br. Opp. Prelim. Injunction, ECF Dkt. 9, at 19; see also Appellants' Br., *Wrenn v. Dist. of Columbia*, D.C. Cir. No. 15-7057, at 12 ("the Council concluded [that] any increase in public carrying increases the risk of public harm, regardless of whether the licensee can satisfy the 'good reason' standard"); Motion for Stay, *Wrenn v. Dist. of Columbia*, D.C. Cir. No. 15-7057, at 19 (claiming "right . . . to exercise some control over the quantity of handguns carried in public.").

*Heller III* confirms that fundamental rights—even fundamental rights that the police might "prove" to be socially harmful—cannot be rationed. Plaintiffs thus have, at the very least, a strong likelihood of prevailing on the merits of their claim. The motion for preliminary injunction should be granted.

---

[1] "Proof" here would be a figurative term, as Defendants concede that "it is not possible to determine that there is a causal link between the passage of right-to-carry laws and crime rates." Appellants' Br., *Wrenn v. Dist. of Columbia*, D.C. Cir. No. 15-7057, at 25 (quoting Defendants' leading expert).

Dated: February 8, 2016                    Respectfully submitted,

                                                        Alan Gura (D.C. Bar No. 453449)
                                                       Gura & Possessky, PLLC
                                                       916 Prince Street, Suite 107
                                                       Alexandria, VA 22314
                                                       703.835.9085/Fax 703.997.7665

                            By:  /s/ Alan Gura
                                                       Alan Gura
                                                       Attorney for Plaintiffs