UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN WRENN, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>        Defendants. | Civil Action No. 15-00162 (CKK) |

**JOINT STATUS REPORT**

Pursuant to the Minute Order of February 9, 2016, the parties inform the Court of their positions on supplemental briefing.

I.    Joint Position:

The parties are in agreement that legislation has made permanent the laws temporarily in effect at the time this lawsuit was initiated.

II.    Plaintiffs' Position:

In the course of meeting and conferring over this statement, Defendants made Plaintiffs aware of the existence of a related case, *Grace v. District of Columbia*, No. 15-2234-RJL, filed December 22, 2015. *Grace* involves an overlapping (but not identical) challenge to the same laws at issue here.

*Wrenn* Plaintiffs' paramount concern is the series of delays impacting this dispute. Their motion for preliminary injunction, filed February 6, 2015 and fully briefed as of February 27, 2015, was not decided until May 18, 2015, only to see that judgment vacated owing to a judicial assignment issue. Cross-motions for summary judgment in Plaintiff SAF's preceding related case,

1

*Palmer v. District of Columbia*, No. 09-1482, had stood undecided for nearly five years. Plaintiffs respectfully urge the Court to decide the preliminary injunction motion as soon as possible.

On February 8, 2016, Plaintiffs filed a short notice of supplemental authority regarding the D.C. Circuit's recent decision in *Heller* v. *District of Columbia*, 801 F.3d 264 (D.C. Cir. 2015) ("*Heller III*"). Plaintiffs do not oppose allowing Defendants to file a short response to that notice, as customary, to be due February 16 (one week, plus the Presidents' Day holiday, from the date of Plaintiffs' filing).

Plaintiffs have no intention of otherwise supplementing, let alone re-writing, their brief. As Defendants have already responded to that brief and Plaintiffs have replied, the briefing should remain closed.

Plaintiffs oppose Defendants' proposed re-briefing for several reasons.

1. Time is of the essence at this point and the parties' resources are not unlimited. Defendants' proposed rebriefing would substantially prejudice the Plaintiffs.

2. Apart from *Heller III*, no controlling legal authorities have issued since the completion of the pleadings. Defendants can always file a notice of supplemental authority if they learn of new developments. Nor have the relevant facts changed. Accordingly, there is no basis upon which to further supplement pleadings, let alone re-write them at this very late stage.

3. The filing of *Grace* did not alter the *Wrenn* Plaintiffs' opening brief here, to which Defendants have already responded.

4. Defendants presented no new evidence in *Grace*. Defendants' *Grace* appendix apparently consists of the City Council's legislative report; another government report from Minnesota; various historical statutes, already cited here; and scholarly articles, most of which were already cited here. Notably, neither plaintiffs nor defendants in *Grace* cited *Heller III*, the

2

only meaningful legal development since the closing of the pleadings here. Plaintiffs agree that lawyers are always capable of improving past pleadings, but that is not a sufficient reason to re-open the preliminary injunction pleadings, especially at this exceedingly late stage.

However, Plaintiffs would not object to any request by the Defendants that the Court take judicial notice of material filed in the previous interlocutory appeal in this case or in *Grace*.

III.   Defendants' Position:

1.   Defendants believe that the Court should have the benefit of the arguments developed in briefing both the interlocutory appeal of Judge Scullin's Order granting plaintiffs' motion for preliminary injunction in this matter, *Brian Wrenn, et al. v. District of Columbia, et al.*, No. 15-7057 (D.C. Cir.), and the more recent motion for preliminary injunction filed in the related case, *Matthew Grace, et al. v. District of Columbia, et al.*, No. 15-2234 (RJL), which also challenges the constitutionality of the District's "good reason" requirement to obtain a concealed-carry license. D.C. Code § 22-4506(a) (2015). Moreover, in that litigation, Defendants have introduced additional evidentiary support for the challenged law, which they believe should be included in the record going forward. In light of the time constraints imposed by LCvR 65.1, Defendants propose filing an updated Opposition, which will supplement and replace Defendants' current Opposition [Doc. No. 9], by **February 18, 2016**. Defendants further propose that any supplemental or updated Reply be filed by plaintiffs no later than **February 25, 2016**.

DATE:  February 11, 2016.                              Respectfully submitted,

/s/ Alan Gura                                                         KARL A. RACINE
Alan Gura (D.C. Bar No. 453449)                       Attorney General for the District of Columbia
Gura & Possessky, PLLC
916 Prince Street, Suite 107                              ELIZABETH SARAH GERE
Alexandria, VA 22314                                       Deputy Attorney General
703.835.9085/Fax 703.997.7665                       Public Interest Division
alan@gurapossessky.com

*Counsel for Plaintiffs*

/s/ Toni Michelle Jackson
TONI MICHELLE JACKSON (#453765)
Chief, Equity Section

/s/ Andrew J. Saindon
ANDREW J.SAINDON (#456987)
Senior Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
Email: andy.saindon@dc.gov

/s/ Chad A. Naso
CHAD A. NASO (#1001694)
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
Telephone: (202) 724-7854
Facsimile: (202) 741-8951
chad.naso@dc.gov

*Counsel for Defendants*