IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRIAN WRENN, et al., | ) | Case No. 15-CV-162-CKK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION TO STAY PROCEEDINGS

Plaintiffs Brian Wrenn, Joshua Akery, Tyler Whidby, and the Second Amendment

Foundation, Inc., by and through undersigned counsel, submit their memorandum of points and

authorities in support of their motion to stay the proceedings in this case pending the outcome of

their ongoing appeal, *Wrenn* v. *District of Columbia*, D.C. Cir. No. 16-7025.

Dated: March 18, 2016                  Respectfully submitted,

                                       Alan Gura (D.C. Bar No. 453449)
                                       Gura & Possessky, PLLC
                                       916 Prince Street, Suite 107
                                       Alexandria, VA 22314
                                       703.835.9085/Fax 703.997.7665

                             By:   /s/ Alan Gura
                                       Alan Gura
                                       Attorney for Plaintiffs

TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TABLE OF AUTHORITIES

Cases

*Airline Pilots Ass'n* v. *Miller*,
  523 U.S. 866 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Allina Health Servs.* v. *Sebelius*,
  756 F. Supp. 2d 61 (D.D.C. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Barcardi & Co.* v. *Empresa Cubana Exportadora De Alimentos Y Productos Varios, Inc.*,
  No. 04-519, 2007 U.S. Dist. LEXIS 37716 (D.D.C. May 24, 2007) . . . . . . . . . . . . . . . . 3

*Bridgeport Hosp.* v. *Sebelius*, No. 09-1344,
  2011 U.S. Dist. LEXIS 24138 (D.D.C. March 2, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Clinton* v. *Jones*,
  520 U.S. 681 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Defense Distributed* v. *U.S. Dep't of State*,
  No. 1:15-CV-00372-RP, Dkt. 66 (W.D. Tex. Oct. 1, 2015) . . . . . . . . . . . . . . . . . . . . . . 4

*Ezell* v. *City of Chicago*,
  651 F.3d 684 (7th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ezell* v. *City of Chicago*, No. 10-C-5135,
  2011 U.S. Dist. LEXIS 38547 (N.D. Ill. Apr. 11, 2011). . . . . . . . . . . . . . . . . . . . . . . . . 4

*Fonville* v. *District of Columbia*,
  766 F. Supp. 2d 171 (D.D.C. 2011).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Hussain* v. *Lewis*,
  848 F. Supp. 2d 1 (D.D.C. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*IBT/HERE Emp. Representatives' Council* v. *Gate Gourmet Div. Americas*,
  402 F. Supp. 2d 289 (D.D.C. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Int'l Painters & Allied Trades Indus. Pension Fund* v. *Painting Co.*,
  569 F. Supp. 2d 113 (D.D.C. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Landis* v. *North Am. Co.*,
  299 U.S. 248 (1936). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Lightfoot* v. *District of Columbia*, No. 01-1484,
  2006 U.S. Dist. LEXIS 4633 (D.D.C. Jan. 24, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Naegele* v. *Albers*,
    940 F. Supp. 2d 1 (D.D.C. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Pena* v. *Cid*,
    2:09-CV-1185- FCD-KJM, Dkt. 28 (E.D. Cal. Aug. 9, 2010). . . . . . . . . . . . . . . . . . . . . 3

*Pena* v. *Cid*,
    2:09-CV-1185-FCD- KJM, Dkt. 24 (E.D. Cal. Oct. 2, 2009). . . . . . . . . . . . . . . . . . . . . . . 3

*Seneca Nation of Indians* v. *United States HHS*, No 14-1493,
    2015 U.S. Dist. LEXIS 153515 (D.D.C. Nov. 13, 2015) . . . . . . . . . . . . . . . . . . . . . . . . 3

*Sheet Metal Workers' Int'l Ass'n* v. *United Transp. Union*,
    767 F. Supp. 2d 161 (D.D.C. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


Statutes and Rules

Fed. R. Civ. P. 62(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION TO STAY PROCEEDINGS

PRELIMINARY STATEMENT

Everyone agrees as to the basic facts: Defendants license the carrying of handguns on a

discretionary basis, pursuant to which otherwise-qualified Plaintiffs were denied licenses. The

essential question is one of law—whether Defendants' actions are constitutional.

That issue is now before the D.C. Circuit, whose decision will likely be dispositive, one way

or another. Accordingly, it makes no sense to proceed in this Court while that appeal is pending. In

the unlikely event that the D.C. Circuit's forthcoming opinion is not effectively dispositive, that

opinion would at least be expected to offer this Court, and the parties, substantial guidance as to

resolving the case. The efficiency gained by waiting for that decision is worth the (brief) wait.

STATEMENT OF FACTS

Defendants have admitted (1) that the individual plaintiffs are each qualified to obtain a

license to carry a handgun but for their lack of "good" or "proper" reason, and (2) that their carry

license applications were denied on those grounds. *See* Answer, Dkt. 20, ¶¶ 26, 30, 31, 33.

The previous appeal in this case was noticed on June 10, 2015, argued November 20, 2015,

and decided less than a month later, on December 15, 2015. On March 7, 2016, this Court denied

Plaintiffs' motion for a preliminary injunction. Plaintiffs noticed an interlocutory appeal that same

day, currently pending as D.C. Circuit No. 16-7025.

SUMMARY OF ARGUMENT

This Court has broad discretion to stay its proceedings in the interests of judicial and litigant

economy. As elsewhere, proceedings in this Court are *routinely* stayed under such circumstances.

And the practice has been faithfully followed in cases raising constitutional claims, including Second

1

Amendment claims, of first impression. Plaintiffs struggle to imagine what benefit the Defendants, the public, or anyone else might gain from the litigation of a case in the District Court that the D.C. Circuit will imminently resolve for all practical intents and purposes. Certainly, no harm could befall Defendants—who remain perfectly free to enforce their laws—by awaiting the appellate decision. But absent a stay, the harm to Plaintiffs, to the Court, to other litigants, and to the city's taxpayers, would be palpable. The Court's resources should be directed to the benefit of other litigants and to the resolution of other matters while the D.C. Circuit considers the instant appeal.

ARGUMENT

A preliminary point of clarification as to what Plaintiffs seek, and do not seek, by this motion: this is not a motion to stay any Court *decision* pending appeal under Fed. R. Civ. P. 62(c), an "extraordinary" remedy issued under the same standards for obtaining a preliminary injunction. *Lightfoot* v. *District of Columbia*, No. 01-1484, 2006 U.S. Dist. LEXIS 4633, at *13 (D.D.C. Jan. 24, 2006). Certainly, Plaintiffs are not by this motion seeking a preliminary injunction, by "staying" the earlier denial of their preliminary injunction motion. No injunction has issued here, and Defendants remain free to enforce their law as though the lawsuit had never been filed.

Unlike a motion to stay some decision of the Court, this motion seeks a pause in the proceedings. This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton* v. *Jones*, 520 U.S. 681, 706 (1997) (citation omitted). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Airline Pilots Ass'n* v. *Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis* v. *North Am. Co.*, 299 U.S. 248, 254 (1936)). "Indeed, 'a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of

independent proceedings which bear upon the case.'" *Seneca Nation of Indians* v. *United States HHS*, No 14-1493, 2015 U.S. Dist. LEXIS 153515, at \*9 (D.D.C. Nov. 13, 2015) (quotation omitted).

The needless wasting of the parties' (and the Court's) time is the very essence of the harm that this Court has broad discretion to prevent. Accordingly, the pendency of related proceedings—including appeals—routinely supports decisions to stay proceedings in this Court. *See Allina Health Servs.* v. *Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010) (proceedings stayed pending resolution of D.C. Circuit appeal); *Naegele* v. *Albers*, 940 F. Supp. 2d 1, 9 (D.D.C. 2013) (proceedings stayed pending state court appeal); *Hussain* v. *Lewis*, 848 F. Supp. 2d 1, 2-3 (D.D.C. 2012) (proceedings stayed pending arbitration, itself awaiting appellate decisions); *Bridgeport Hosp.* v. *Sebelius*, No. 09-1344, 2011 U.S. Dist. LEXIS 24138, at \*2-\*4 (D.D.C. March 2, 2011) (proceedings stayed pending resolution of parallel litigation); *Sheet Metal Workers' Int'l Ass'n* v. *United Transp. Union*, 767 F. Supp. 2d 161, 178 (D.D.C. 2011) (proceedings stayed pending arbitration); *Int'l Painters & Allied Trades Indus. Pension Fund* v. *Painting Co.*, 569 F. Supp. 2d 113, 120-21 (D.D.C. 2008) (proceedings stayed pending resolution of out of state litigation); *Barcardi & Co.* v. *Empresa Cubana Exportadora De Alimentos Y Productos Varios, Inc.*, No. 04-519, 2007 U.S. Dist. LEXIS 37716 (D.D.C. May 24, 2007) (proceedings stayed pending PTO appeal); *IBT/HERE Emp. Representatives' Council* v. *Gate Gourmet Div. Americas*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005) (case stayed where arbitration proceedings "may affect the future scope and necessity of litigation in this court").

The prospect of appellate guidance in Second Amendment cases is a recognized ground for staying proceedings. *Pena* v. *Cid*, 2:09-CV-1185- FCD-KJM, Dkt. 28 (E.D. Cal. Aug. 9, 2010);

3

*Pena* v. *Cid*, 2:09-CV-1185-FCD- KJM, Dkt. 24 (E.D. Cal. Oct. 2, 2009). Most relevant along these lines was the decision of the Northern District of Illinois in staying its proceedings on the preliminary injunction appeal that became *Ezell* v. *City of Chicago*, 651 F.3d 684 (7th Cir. 2011). Upon denying the plaintiffs' motion for a preliminary injunction, that court found that "[i]f the Seventh Circuit agrees with Plaintiffs, goes to the merits, and strikes down the statute, Plaintiffs will have the relief they seek and there will be no substantive issues remaining for this Court." *Ezell* v. *City of Chicago*, No. 10-C-5135, 2011 U.S. Dist. LEXIS 38547, at *5 (N.D. Ill. Apr. 11, 2011). The Court was right. The Seventh Circuit enjoined the challenged law, whereupon the city immediately repealed and replaced it with an elaborate regulatory scheme that continues to be the subject of litigation.[1]

Plainly, as Defendant District of Columbia once argued not long ago, the forthcoming appellate opinion is "likely to be extremely persuasive to, if not binding upon, this Court," and thus warrants a stay of proceedings. *Fonville* v. *District of Columbia*, 766 F. Supp. 2d 171, 173 (D.D.C. 2011). It is not at all clear what could possibly be gained by wasting time and everyone's resources (the Plaintiffs, the Defendants, and the Court's) with continued proceedings at this juncture. As in *Ezell*, should the D.C. Circuit find Plaintiffs' arguments persuasive, there may not be much left to do but proceed to final judgment. Likewise, should the D.C. Circuit affirm this Court's decision on substantially similar grounds, it might well be pointless for Plaintiffs to proceed with the case.

Defendants would argue that they need discovery and other proceedings to fully support their position. But that is, at the most, far from clear, and it is not at all clear as to why they need

---

[1] At some point, a stay would be required for the more immediate reason that this Court cannot reach issues pending before the D.C. Circuit on appeal. *See, e.g., Defense Distributed* v. *U.S. Dep't of State*, No. 1:15-CV-00372-RP, Dkt. 66 (W.D. Tex. Oct. 1, 2015) (holding case in abeyance upon appeal of order denying preliminary injunction).

these proceedings *now*. Surely the D.C. Circuit's opinion will soon impact the further course of this

litigation. Continued proceedings here at this time would needlessly and substantially waste

Plaintiff's resources, and harm other litigants waiting patiently to draw upon this Court's resources.

Not insignificantly, further proceedings now would needlessly hurt the District's taxpayers, who

support the operation of Defendants' office—and who might yet be asked to foot the bill for

Plaintiffs' attorney fees and expenses.

There being no harm to Defendants in waiting for the D.C. Circuit's opinion, but substantial

harm to all involved (and many not involved) from conducting needless proceedings, this case

presents the classic basis for a stay of proceedings pending appellate clarification.

CONCLUSION

Plaintiffs respectfully ask that this Court stay its proceedings in this matter, pending the

issuance of the D.C. Circuit's mandate in Plaintiffs' pending interlocutory appeal.

Dated: March 18, 2016                     Respectfully submitted,

                                          Alan Gura (D.C. Bar No. 453449)
                                          Gura & Possessky, PLLC
                                          916 Prince Street, Suite 107
                                          Alexandria, VA 22314
                                          703.835.9085/Fax 703.997.7665

                                    By:   /s/ Alan Gura
                                          Alan Gura
                                          Attorney for Plaintiffs