**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRIAN WRENN, *et al.*, | |
| Plaintiffs, | Civ. Action No. 15-cv-00162 (CKK) |
| v. | |
| DISTRICT OF COLUMBIA, *et al.*, | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' MOTION TO STAY PROCEEDINGS**

**INTRODUCTION**

Nearly fourteen months after commencing this lawsuit, and without having conducted discovery or obtained any relief, plaintiffs have moved to stay all proceedings in this Court, including discovery, pending resolution of their interlocutory appeal (Doc. 59) of this Court's Order (Doc. No. 54) denying their motion for preliminary injunction. Because resolution of plaintiffs' interlocutory appeal is unlikely to be dispositive of this litigation, and because the D.C. Circuit has made clear that discovery is essential in cases such as this one, the Court should decline to stay proceedings and allow the parties to move forward with developing the evidentiary record necessary for ultimate resolution of this case.

Plaintiffs face a heavy burden to demonstrate a clear case of hardship or inequity to justify a stay. They have failed to meet that heavy burden. Indeed, plaintiffs offer no specifics as to how discovery would harm them or how judicial economy would be served by a stay. On the other hand, a stay would be prejudicial to the District, which has already waited more than a year to undertake discovery in a case that is casting a shadow over a critical public safety law.

1

## LEGAL STANDARD

"The power to stay proceedings is … inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n. 6 (1998) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)). However, there is an interest in proceedings being brought to a close without undue delay, and thus a party seeking to stay proceedings, including discovery, faces a "heavy burden." *DSMC, Inc. v. Convera Corp.*, 273 F. Supp. 2d 14, 31 (D.D.C. 2002) (denying stay); *see also GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 193 (D.D.C. 2003) ("[T]he right to proceed in court should not be denied except under the most extreme circumstances." (citation omitted)).

Accordingly, a movant for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [it] prays will work damage to someone else." *United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 132 (D.D.C. 2004) (quoting *Landis*, 299 U.S. at 255); *see also SEC v. Deloitte Touche Tohmatsu CPA Ltd.*, 940 F. Supp. 2d 10, 12 (D.D.C. 2013) (same). The Court "must weigh competing interests and maintain an even balance," when determining whether to stay a proceeding. *Landis*, 299 U.S. at 254.

## ARGUMENT

Plaintiffs have filed an interlocutory appeal of this Court's March 7, 2016, Memorandum Opinion and Order denying them a preliminary injunction against the District's "good reason" standard for carrying a handgun on the city's crowded city streets. At issue in that appeal is whether plaintiffs can satisfy the high standard for a preliminary injunction, such as by showing that they are likely to succeed on the merits and that they would suffer irreparable harm in the

absence of the Circuit's intervention. This Court has already concluded that plaintiffs cannot make that showing. *See* Doc. No. 54 at 2.

While plaintiffs' preliminary injunction appeal is pending in the Circuit, the merits of plaintiffs' request for a *permanent* injunction remain pending in this Court. Resolution of that issue will require discovery and summary judgment briefing, and there is simply no reason to delay that process, especially when it concerns a critical public-safety law enacted by the Council of the District of Columbia.

To support their requested stay, plaintiffs contend that the D.C. Circuit's resolution of their interlocutory appeal "will likely be dispositive, one way or another" of the merits of this litigation, such that further proceedings at this point would "needlessly and substantially waste" party and judicial resources. *See* P.Mem. at 1, 5. Plaintiffs fail to offer any support for their conclusory assertion, which, in any event, is incorrect.

**I.** **Plaintiffs' Interlocutory Appeal Will Not Require the Circuit to Make a Dispositive Ruling.**

Plaintiffs' interlocutory appeal likely will not require the D.C. Circuit to make a ruling on an issue fully dispositive of the merits of plaintiffs' claims. The narrow question before the Circuit is whether this Court abused its discretion in concluding that plaintiffs were not entitled to a preliminary injunction against the District's "good reason" requirement. In deciding that question, the Circuit will assess, as this Court did, whether plaintiffs have established that (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [their] favor"; and (4) "an injunction is in the public interest." *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011). The last two factors "merge" when, as here, the "[g]overnment is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

The only factor that the Circuit will consider that will have an even passing relevance to the issues presently pending in this Court is whether plaintiffs can establish that they are likely to succeed on the merits. But that issue, alone, does not justify staying proceedings here, as the Circuit has encouraged parties to "proceed forward expeditiously in the district court despite the pendency" of a preliminary-injunction appeal. *Soc'y for Animal Rights, Inc. v. Schlesinger*, 512 F.2d 915, 917, 918 (D.C. Cir. 1975); *see also Pharm. Care Mgmt. Ass'n v. Maine Attorney General*, 332 F. Supp. 2d 258, 259 (D. Me. 2004) (noting that "[t]he Circuits that have ruled directly on the issue … have urged trial courts to continue their proceedings while the interlocutory appeal is processed") (citing cases). *Cf. Thorpe v. District of Columbia*, 306 F.R.D. 6, 11 (D.D.C. 2014) (stay of discovery pending resolution of interlocutory appeal of class-certification decision not warranted) (quoting *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 6 (D.D.C. 2002) ("[L]itigation expenses alone do not necessarily qualify as irreparable harm.")); *Beecham v. Socialist People's Libyan Arab Jamahiriya*, 245 F.R.D. 1, 4 (2007) ("Bare assertions that discovery will be unduly burdensome … are insufficient to justify the entry of an order staying discovery.") (citation omitted).

The cases plaintiffs cite for a contrary position are inapposite. Those cases deal with situations where an issue pending *in a different case* could resolve the issue before the court. Thus, in *Fonville v. District of Columbia*, 766 F. Supp. 2d 171 (D.D.C. 2011), the court issued a stay of proceedings pending a ruling by the District of Columbia Court of Appeals on two cases that "squarely address[ed]" a legal issue that the parties agreed was "a threshold—and dispositive—issue in th[e] litigation"—namely, "whether a Metropolitan Police Department Commander … has a [constitutionally-protected] property interest in his position[.]" *Id.* at 172–73. And in *Pena v. Cid*, 09-CV-1185 (E.D. Cal. Oct. 2, 2009), the court stayed proceedings in a

case challenging a state firearms law because of the Ninth Circuit's decision to accept *en banc* review of a decision holding that the Second Amendment was incorporated through the Due Process Clause of the Fourteen Amendment. Dkt. 24 at 3–5. The court there found a stay of proceedings warranted because the Ninth Circuit's *en banc* review would address a "foundational issue" to the litigation—namely, "whether the Second Amendment is incorporated and thus, applicable to state and local governments." *Id.* at 4–5.

Here, however, there is no other case that would likely affect the outcome of this litigation; rather, plaintiffs wish to delay proceedings in one part of this case—the merits of the permanent injunction—while they await the outcome of another part—their appeal of the preliminary injunction.[1] But, as explained, that is not how litigation is intended to work. *Soc'y for Animal Rights, Inc.*, 512 F.2d at 917–18.

Plaintiffs come closest to finding support in *Ezell v. City of Chicago*, No. 01:10-cv-5135 (N.D. Ill.), but fall short there too. In *Ezell* the district court granted the city's motion to stay proceedings on its motion to dismiss during the plaintiffs' interlocutory appeal of a decision denying them a preliminary injunction against certain firearms ordinances concerning firearms training and firearms ranges. The city argued that the issues presented in its motion to dismiss would have considerable overlap with the issues pending on appeal, such that judicial economy would be served by deferring consideration of the motion to dismiss until after the appeal was resolved. But this case is unlike *Ezell* because the parties here are not asking this Court to award any permanent relief now that might conflict with any forthcoming decision from the Circuit. To the contrary, the District wishes to move forward with discovery to create a full record for this Court's—and perhaps the Circuit's—ultimate consideration of the merits. Discovery will not

---

[1]     Although *Grace v. District of Columbia*, No. 15-2234-RJL, is pending before Judge Leon, the proceedings there are not likely to affect the outcome of this case.

interfere with the issue before the Circuit—the propriety of a preliminary injunction—and, indeed, allowing discovery to proceed now will allow for expeditious resolution of the case once that appeal is resolved.

Accordingly, because plaintiffs' interlocutory appeal does not require the Circuit to resolve a dispositive or foundational issue, plaintiffs' assertion that "there may not be much left to do but proceed to final judgment" after the Circuit rules, P.Mem. at 4, is speculative, and is insufficient to justify delaying further proceedings. *See Honeywell*, 20 F. Supp. 3d at 132 ("[A] stay of discovery … 'is rarely appropriate when the pending motion will not dispose of the entire case[.]'") (quoting *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001)).

## II.  Proceeding With Discovery Is In The Interest of Judicial Economy.

Efficiency concerns militate *against* a stay, not for one. Both the Supreme Court and the D.C. Circuit have emphasized the need for a full evidentiary record to scrutinize properly the legislative policy judgments and predictions implicated by the District's firearms laws. *See Heller v. District of Columbia* (*Heller III*), No. 14-7071, ___ F.3d ____, 2016 WL 760940 (D.C. Cir. Feb. 26, 2016) (Millett, J., concurring in denial of *en banc* review) (emphasizing the District's burden to "come forward with summary-judgment-qualifying evidence to substantiate the difficult policy judgments" related to its firearms registration laws); *Heller III*, 801 F.3d 264, 272 (D.C. Cir. 2015) (noting that intermediate scrutiny depends on the District "offer[ing] substantial evidence from which it could reasonably have concluded the provisions will [prevent crime and promote public safety] 'in a direct and material way'") (quoting *Turner Broad Sys., Inc. v. FCC*, 512 U.S. 622, 662–64 (1994)); *Heller v. District of Columbia* (*Heller II*), 670 F.3d 1244, 1258 (D.C. Cir. 2011) (remanding for further factual development, finding that "the record

is inadequate for us confidently to hold the registration requirements are narrowly tailored"). Following those courts' clear mandates, there is no reason to believe that plaintiffs' claims in this matter will be finally resolved on anything less than a full evidentiary record. Proceeding with discovery will serve the interests of judicial economy, both of the Court and the parties.

### III.   Further Delay Prejudices the District.

Finally, neither side has an interest in delaying a final decision on the merits of this important issue. Plaintiffs believe that this litigation is so urgent that they not only filed a motion for a preliminary injunction, they also took an interlocutory appeal once that injunction was denied. But, curiously, they now seek to slow down resolution of the ultimate merits of this suit by seeking a stay here. Plaintiffs cannot have it both ways. If this litigation is time-sensitive enough that preliminary injunction proceedings are warranted both here and at the Circuit, the same concerns favor proceeding with discovery rather than unnecessarily slowing it down.

The District has a similar interest in expeditious resolution of this litigation. For more than a year, this case has cast a shadow over the District's ability to enforce a critical public safety law that the D.C. Council found was necessary to balance "the District's substantial government interest in public safety and crime prevention" with "an individual's specific need for self-defense." *See* Committee on the Judiciary and Public Safety, D.C. Council, Report on Bill 20-930 (Nov. 26, 2014), at 18–19. The District wishes to vindicate its law through the normal process of litigation, for which the next step is discovery. Plaintiffs should not be allowed to thwart that endeavor.

Accordingly, plaintiffs have made no showing that the benefits of a stay of discovery would outweigh the prejudice to the District in preparing its defense. *Honeywell*, 20 F. Supp. 3d at 133. The Court should decline to stay proceedings before it during the pendency of plaintiffs'

interlocutory appeal, so the parties may continue to develop the record and prepare this matter for a final decision on the merits as soon as practicable.

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Stay Proceedings should be denied.

DATE: April 4, 2016.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

ELIZABETH SARAH GERE
Deputy Attorney General
Public Interest Division

/s/ Toni Michelle Jackson
TONI MICHELLE JACKSON (#453765)
Chief, Equity Section

/s/ Andrew J. Saindon
ANDREW J.SAINDON (#456987)
Senior Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
Email: andy.saindon@dc.gov

/s/ Chad A. Naso
CHAD A. NASO (#1001694)
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
Telephone: (202) 724-7854
Facsimile: (202) 741-8951
Email: chad.naso@dc.gov

*Counsel for the District of Columbia*