IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN WRENN, et al., ) | Case No. 15-CV-162-CKK |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

LOCAL RULE 16.3 REPORT

Pursuant to the Court's Case Management Order of March 7, 2016, LCvR 16.3, and Fed. R. Civ. P. 26(f), counsel for the Plaintiffs and for Defendants in the above-captioned action met telephonically on March 31, 2016 and conferred concerning the matters in Local Rule 16.3(c) and submit this report.

Matters Discussed and Reported

*(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

The parties believe the case likely will be disposed of by dispositive motion. Plaintiffs by separate motion seek a stay of all proceedings pending the outcome of their appeal, which might obviate the need for dispositive motions. Plaintiffs further object to any discovery as unnecessary, as (1) the Defendants have already admitted in their answer the essential adjudicative facts of the case, that Plaintiffs are qualified to receive a handgun carry permit but for lack of "good" or "proper" reason; (2) beyond the public record, Plaintiffs have no information relating to, let alone supporting, the adoption of the challenged provisions; and (3) even under "intermediate scrutiny," the question of whether the challenged provisions are constitutional is a question of law for the Court to decide.

1

Defendants believe that the development of a full evidentiary record through discovery is essential to the Court's ultimate assessment of whether the District "could reasonably have concluded" that the challenged provisions of its public carrying licensing scheme will further its important governmental interests in a "direct and material way." See Mar. 7, 2016, Mem. Op. and Or. [ECF. No. 54], at 21. Defendants have opposed Plaintiffs' Motion to Stay Proceedings pending resolution of their interlocutory appeal.

*(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

Plaintiffs propose that any joinder of additional parties or other amendment to the pleadings occur within 30 days of the issuance of the mandate in their interlocutory appeal, as the D.C. Circuit might well offer unanticipated guidance in these regards. Defendants propose that any joinder of additional parties or claims occur within 30 days of the filing of this Report.

*(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The parties do not consent to assigning this case to a magistrate judge.

*(4) Whether there is a realistic possibility of settling the case.*

Although the parties would prefer to resolve the dispute amicably, they do not believe that there is a realistic possibility of settling the case at this time.

*(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

The parties do not believe the case would benefit from the Court's ADR procedures.

*(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

As noted above, it is Plaintiffs' position that the case can and should be disposed of on motions, the filing of which should await the D.C. Circuit's decision in the pending interlocutory appeal.

Defendants agree that this case can be resolved by motion. Defendants request a six-month period of discovery—as ordered by Judge Boasberg on the remand from *Heller II*—to enable the parties to complete the record, which is necessary to decide this case. Defendants propose that motions for summary judgment be filed by December 23, 2016, after the close of discovery, with oppositions due by January 26, 2017, and replies by February 16, 2017.

*(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

The parties have agreed to waive initial disclosures.

*(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

As noted above, it is Plaintiffs' position that discovery is neither necessary nor appropriate, and that the matter in any event not be considered until the D.C. Circuit has issued its mandate in the current interlocutory appeal.

Defendants request a six-month period of discovery to enable the parties to complete the record here and have proposed such a schedule, with discovery beginning on May 18, 2016, and completed (including expert discovery) by November 18, 2016.

Should discovery take place, without prejudice to future requests for modification, the parties believe that the limitations on interrogatories per side, pursuant to Fed. R. Civ. P. 33(a)(1), and depositions per side, pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i), are appropriate.

*(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

Plaintiffs do not believe that any expert reports, testimony, or depositions are necessary or appropriate. The case raises no issues as to which expert opinion might be relevant.

Defendants' suggested schedule for the exchange of expert witness information is incorporated in its proposed schedule, which is attached.

*(10) In class actions, appropriate procedures for dealing with Rule 23, Fed.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

This is not a class action.

*(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and specific proposal for such bifurcation.*

The parties see no present need for bifurcation.

*(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

Plaintiffs do not believe that a trial is necessary in this case, as the only relevant adjudicative facts have been established. The case presents only questions of law, which the Court should decide on dispositive motions (should those become necessary following the interlocutory appeal). Accordingly, no pretrial conference should be set.

Defendants offer that in the event they are allowed to conduct discovery, that a pretrial conference be held no sooner than 60 days following the Court's decision on any post-discovery

motion for summary judgment, or within 60 days of the close of discovery, if no motion for

summary judgment is filed.

*(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

    Plaintiffs do not believe a trial date should be set, as the case does not require a trial.

    Defendants believe it is premature to set a trial date at this time.

*(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

    No other matters.

    Dated: April 14, 2016                           Respectfully submitted,

| | |
|---|---|
| KARL A. RACINE<br>Attorney General for the District of Columbia<br><br>ELIZABETH SARAH GERE<br>Deputy Attorney General<br>Public Interest Division<br><br>/s/ Toni Michelle Jackson<br>TONI MICHELLE JACKSON (#453765)<br>Chief, Equity Section<br><br>/s/ Andrew J. Saindon<br>ANDREW J.SAINDON (#456987)<br>Senior Assistant Attorney General<br>441 Fourth Street, N.W., Sixth Floor South<br>Washington, D.C. 20001<br>Telephone: (202) 724-6643<br>Facsimile: (202) 730-1470<br>Email: andy.saindon@dc.gov<br><br>/s/ Chad A. Naso<br>CHAD A. NASO (#1001694)<br>Assistant Attorney General<br>441 Fourth Street, N.W., Sixth Floor South | /s/ Alan Gura<br>ALAN GURA (#453449)<br>Gura & Possessky, PLLC<br>916 Prince Street, Suite 107<br>Alexandria, VA 22314<br>703.835.9085/Fax 703.997.7665<br>alan@gurapossessky.com |

Washington, D.C. 20001
Telephone: (202) 724-7854
Facsimile: (202) 741-8951
chad.naso@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRIAN WRENN, et al., | ) | Case No. 15-CV-162-CKK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**[DEFENDANTS' PROPOSED] SCHEDULING ORDER**

| | |
|---|---|
| Factual discovery opens | May 18, 2016 |
| Deadline to exchange expert reports | September 19, 2016 |
| Rebuttal expert reports due | 30 days following disclosure of Fed. R. Civ. P. 26(a)(2) expert report |
| Period to depose expert witnesses opens | October 17, 2016 |
| All discovery closes | November 23, 2016 |
| Deadline to file Motion(s) for Summary Judgment | December 23, 2016 |
| Opposition(s) due | January 26, 2017 |
| Replies due | February 16, 2017 |

SO ORDERED, this _____ day of _____, 2016

_____
United State District Court Judge